The purchaser declares there was not a faithful performance of the building contract.

The Surety directs our attention to Article 3039 of the LSA–Civil Code, which provides:

"Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract."

The intendment of the contract taken in conjunction with the law and the facts is so clearly expressed that "he who runs may read". Nothing is left to presumption.

Article No. 2011, LSA–C.C., has a direct bearing on both the results and the consequences of the objective sought by this decision. The Article reads:

"Not only the obligation, but the right resulting from a contract relative to immovable property, passes with the property. Thus the right of servitude in favor of immovable property, passes with it, and thus also the heir or other acquirer will have the right to enforce a contract made for the improvement of the property by the person from whom he acquired it."

 From our own research we find, and counsel for the defendant informs us likewise, that there is no decision under this Article. This Court is, nevertheless, happy to be the first to interpret such a wise provision. The Article has no counterpart in the Code Napoleon, Legal Archives, Vol.

3, Part 2, page 1109. The Article stands alone, unimpeached and unimpeachable. The words of the Code in this Article apply to descriptive acts in the light of consequences giving and granting in law rights and causes of action.

For the reasons assigned, the judgment of the district court sustaining the exception of no right or cause of action is reversed and set aside, and the case is now remanded to the district court for hearing on the merits, as directed by the law; defendant to pay the costs of this appeal, all other costs to await the final determination of the case.

**65 So.2d 909**

**R. H. METTERNICH et al. v. Martin L. LAIRD, Jr. et al.**

No. 40899.

April 27, 1953.

Rehearing Denied June 1, 1953.

J. Burton LeBlanc, Jr., and Ashton L. Stewart, Baton Rouge, for plaintiff-appellant.

Watson, Blanche, Fridge, Wilson, Posner & Thibaut, Baton Rouge, for defendant-appellee.

MOISE, Justice.

This case was consolidated for all purposes with the suit of Breaux v. Laird, 223 La. 446, 65 So.2d 907. The decision in that matter controls here.

For the reasons assigned, the judgment of the district court sustaining the exception of no right or cause of action is reversed and set aside, and the case is now remanded to the district court for hearing on the merits, as directed by law; defendant to pay the costs of this appeal, all other costs to await the final determination of the case.

**65 So.2d 909**

**Isaac Bennett NICKENS v. Martin L. LAIRD, Jr. et al.**

No. 40900.

April 27, 1953.

Rehearing Denied June 1, 1953.

J. Burton LeBlanc, Jr., and Ashton L. Stewart, Baton Rouge, for plaintiff-appellant.

Watson, Blanche, Fridge, Wilson, Posner & Thibaut, Baton Rouge, for defendant-appellee.

MOISE, Justice.

This case was consolidated for all purposes with the suit of Breaux v. Laird, 223 La. 446, 65 So.2d 907. The decision in that matter controls here.

For the reasons assigned, the judgment of the district court sustaining the exception of no right or cause of action is reversed and set aside, and the case is now remanded to the district court for hearing on the merits, as directed by law; defendant to pay the costs of this appeal, all other costs to await the final determination of the case.

**65 So.2d 910**

**Phillip A. LANDRY v. Martin L. LAIRD, Jr. et al.**

No. 40901.

April 27, 1953.

Rehearing Denied June 1, 1953.

J. Burton LeBlanc, Jr., and Ashton L. Stewart, Baton Rouge, for plaintiff-appellant.

Watson, Blanche, Fridge, Wilson, Posner & Thibaut, Baton Rouge, for defendant-appellee.