MOISE, Justice.
 

 This is an appeal from a judgment sustaining an exception of no right or cause of action filed by the American Motorist Insurance Company.
 

 The plaintiff’s suit is based on the grounds of a noncompleted building contract and defective work. The dwelling involved was purchased by the plaintiff from the Belfair Homes, Inc., which company had contracted with the Mid-States Construction Company, for the erection and construction of approximately fifty-three houses. American Motorist Insurance Company guaranteed the faithful performance of the work by the contractor.
 

 In considering an exception of no legal right or cause of action, the court must take as true every well-pleaded allegation of the petition, but it does not accept as correct petitioner’s conclusions of law. Acadian Production Corp. of La. v. Savanna Corp. 222 La. 617, 63 So.2d 141; Stacy v. Midstates Oil Corp., 214 La. 173, 36 So.2d 714; Ridell v. Hyver, 215 La. 358, 40 So.2d 785; Overby v. Beach, 220 La. 77, 55 So.2d 873; C. W. Greeson Co. v. Harnischfeger Corp., 219 La. 1006, 54 So.2d 528.
 

 
 *449
 
 The district court held that there was no privity of contract between the purchaser and the surety.
 

 The contract involved was made on November 22, 1946 between Belfair Homes,Inc., and the Mid-States Construction Co., for the construction of fifty-three reinforced concrete units. These units were to be sold as homes. The contract provides:
 

 “ * * * contractor is to furnish and identify with his contract, a bond with good and solvent security, acceptable to Owner and said bank in the amount of the contract price, for the true and faithful performance of the contract, and the payment of all subcontractors, mechanics, workmen, laborers, furnishers of material, machinery or fixtures, and in favor of the said bank and its assigns, as their interest may appear or arise.
 

 “The general conditions of the Contract, the specifications and drawings, together with this agreement, form the complete Contract, and they are fully a part of the Contract, the same as though they were attached hereto and herein set out.
 

 “All the agreements and stipulations herein contained, and all the obligations herein assumed, shall inure to the benefit of and be binding upon the heirs, successors and assigns of the respective parties hereto.
 

 “Whenever the words ‘Owner’ and ‘Contractor’ are used in this agreement, they shall be construed to include Owners’ and ‘Contractors’ respectively.”
 

 The contractor’s bond provides:
 

 “Whenever the words ‘Principal’, ‘Surety’, or ‘Owner’ are used herein, they shall be construed to include ‘Principals’, ‘Sureties’, and ‘Owners’, respectively.”
 

 Act No. 298 of 1926, LSÁ-R.S. 9:4801 et seq., relative to building contracts, declares:
 

 “ * * * The owner of such work shall require of such undertaker, contractor, master-mechanic, or engineer, a bond with good and solvent surety as follows: * * *
 
 The bond shall be attached to and recorded with the contract
 
 in the office of the Clerk of Court or Recorder of Mortgages, as above set forth, and
 
 the condition of the bond shall be the true and faithful performance of the contract
 
 and the payment of all subcontractors, * * (Italics ours.)
 

 The language of the contract, the binding together of the bond and the contract, the recording of both as one instrument in the Mortgage Records, in compliance with the legislative requirement — Act No. 298 of 1926, renders both the bond and the contract inseparable. The obligation which flows from the contract passes to the successors and assigns of the owner. The statute clearly provides that there be a bond guaranteeing the faithful performance of the contract by the building contractor.
 
 *451
 
 The purchaser declares there was not a faithful performance of the building contract.
 

 The Surety directs our attention to Article 3039 of the LSA-Civil Code, which provides:
 

 “Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.”
 

 The intendment of the contract taken in conjunction with the law and the facts is so clearly expressed that “he who runs may read”. Nothing is left to presumption.
 

 Article No. 2011, LSA-C.C., has a direct bearing on both the results and the consequences of the objective sought by this decision. The Article reads:
 

 “Not only the obligation, but the right resulting from a contract relative to immovable property, passes with the property. Thus the right of servitude in favor of immovable property, passes with it, and thus also the heir or other acquirer will have the right to enforce a contract made for the improvement of the property by the person from whom he acquired it.”
 

 From our own research we find, and counsel for the defendant informs us likewise, that there is no decision under this Article. This Court is, nevertheless, happy to be the first to interpret such a wise provision. The Article has no counterpart in the Code Napoleon, Legal Archives, Vol. 3, Part 2, page 1109. The Article stands alone, unimpeached and unimpeachable. The words of the Code in this Article apply to descriptive acts in the light of consequences giving and granting in law rights and causes of action.
 

 For the reasons assigned, the judgment of the district court sustaining the exception of no right or cause of action is reversed and set aside, and the case is now remanded to the district court for hearing on the merits, as directed by the law; defendant to pay the costs of this appeal, all other costs to await the final determination of the case.