383 So.2d 330 (1980)
DELTA BANK & TRUST COMPANY
v.
Frank LASSITER, Commissioner of Financial Institutions, State of Louisiana.
No. 66156.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*331 Ben C. Toledano, Gerald J. Gallinghouse, Porteous, Toledano, Hainkel & Johnson, New Orleans, Carlos G. Spaht, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for plaintiff-applicant.
Joseph H. Kavanaugh, Kavanaugh & Talley, R. Gordon Kean, Jr., Sanders, Downing, Kean & Cazedessus, Sidney M. Bach, New Orleans, for defendants-respondents.
*332 DIXON, Chief Justice.[*]
This is an action by the Delta Bank & Trust Company, the sole existing bank in Plaquemines Parish, challenging the action of the Commissioner of Financial Institutions in granting, without a hearing, conditional approval of the application of the Mississippi River Bank Group for a certificate of authority to organize a bank in Plaquemines Parish. Delta Bank, a state chartered banking institution, is seeking writs of mandamus directing the commissioner to hold a hearing on the application. The Mississippi River Bank Group intervened on the side of the commissioner. The trial court ordered a stay of the decision and order of the commissioner pending final disposition of the issues. The commissioner filed exceptions of unauthorized use of summary proceedings and no cause and no right of action. The trial court denied the plaintiff's prayer for mandamus, sustained the defendant's exception of no cause of action, and ordered a full trial de novo to review the decision of the commissioner. The First Circuit Court of Appeal denied the plaintiff's application for writs. This court granted writs to review the action of the lower courts, and ordered that the commission order be stayed pending disposition.[1]
According to the trial court's written reasons for judgment, applications for authority to organize banks in Plaquemines Parish were filed by both the Mississippi River Bank Group and the First Citizens Bank Group. In May of 1979 Delta Bank contacted the commissioner to register its opposition to the application of the Mississippi Group, and requested a hearing on the matter. An informal meeting was scheduled to be held on July 19, 1979. Prior to that date an informal hearing was held on June 28, 1979 to consider First Citizens' application. The commissioner then notified Delta Bank that the meeting for July 19 was to be canceled, and, instead, he would honor requests for personal appointments and grant interested parties the opportunity to submit written material relevant to the matter. Delta protested the canceling of the meeting by letter dated July 12, 1979. On August 9, 1979 the commissioner informed First Citizens that its application had been rejected and informed the Mississippi Group that its application had been accepted. The plaintiff then instituted this action.
The issue presented is whether the commissioner is required to grant a hearing to opponents of the application before issuing a certificate of authority to organize a bank.
In support of its argument that such a hearing is required, Delta Bank cites Buras v. Board of Trustees of the Police Pension Fund of the City of New Orleans, 367 So.2d 849 (La.1979). In that case this court held that the Board of Trustees of the Pension Fund of the City of New Orleans was a state agency, and, therefore, the provisions of the Administrative Procedures Act, R.S. 49:951, et seq. were applicable to the board's determination that a former police officer had not been disabled so as to render his retirement necessary. This court further concluded that the board had failed to follow the provisions of the act and remanded the case to the board for further proceedings in compliance with the act.
Delta Bank now argues that the commissioner is also a state agency, and that the Administrative Procedures Act likewise requires him to hold a hearing on the Mississippi Group's application. We agree that the commissioner is a state agency, as that term is defined for purposes of the act, and that the provisions of the act must be applied to him. From an examination of the act, however, we conclude that it contains no provision requiring the commissioner to hold a hearing in these circumstances.[2]
*333 The portion of the act pointed to by the plaintiff as requiring a hearing is R.S. 49:955(A), which provides:
"In an adjudication, all parties who do not waive their rights shall be afforded an opportunity for hearing after reasonable notice."
That provision creates a right to a hearing only in an adjudication. R.S. 49:951, the definitional portion of the act, provides, in part:
"As used in this Chapter:
(1) `Adjudication' means agency process for the formulation of a decision or order."
From that provision it is clear that a hearing is provided for only when the agency action is one for the formulation of a "decision or order." And on that point the act is not silent, for R.S. 49:951 further provides:
"(3) `Decision' or `order' means the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing, and including non-revenue licensing, when the grant, denial, or renewal of a license is required by constitution or statute to be preceded by notice and opportunity for hearing."
To reiterate, the Administrative Procedures Act provides for a hearing only in an adjudication. An adjudication is a proceeding resulting in an order or decision. A decision or order is, for purposes of the act, a disposition required by constitution or statute to be made only after notice and a hearing. Therefore, unless there is some provision in the constitution or statutes requiring a hearing, an agency disposition is not a "decision" or "order" as defined for purposes of the act. And unless a proceeding results in a decision or order, it is not an adjudication as defined in the act. It is apparent, then, that an adjudication for purposes of the act means an agency proceeding that results in a disposition that is required to be made (by constitution or statute) after notice is given and a hearing is held. Unless some statute or the constitution require a hearing and notice, an agency action is not an adjudication for purposes of the act. Since the act provides for hearings only if there is an adjudication, it follows that unless a hearing is required by some statute or the constitution, the provision of the act as to hearings does not apply.
In light of the above discussion we conclude that the Administrative Procedures Act does not create an independent right to a hearing before any state agency can take any action. It merely sets forth the procedures to be followed if the agency is required to hold a hearing by the constitution or the statutory authority under which the agency is acting.[3]
The commissioner's power to issue certificates of authority is contained in R.S. 6:241, which provides:
"No banking association shall commence business or open branch offices until it has procured from the commissioner a certificate of authority which shall not be granted until the association has furnished to him satisfactory proof that it has complied with all requirements concerning the adoption and recordation of its charter and that one hundred percent of the subscribed capital has been paid up in lawful money.
In default of these requirements the directors and managers of the banking association shall in solido be fined not more *334 than five hundred dollars, to be collected by the attorney general, who, for his services in collecting these amounts, shall receive twenty percent of the amount collected. Any increase of capital stock by amendment shall be paid up within thirty days after having been subscribed. Each banking association shall notify the commissioner of every alteration of or amendment to its charter, whether to increase its capital or otherwise. These provisions apply to savings banks except as otherwise provided in R.S. 6:234.
Before issuing a certificate of authority to any banking association or savings bank, the commissioner shall examine the qualifications, responsibility, and standing of the persons organizing the association or bank. If he finds that the public interest will not be subserved by permitting such persons to organize the association or bank, he shall refuse to issue the certificate."
Neither that statute nor any other to which our attention has been directed require that the commissioner hold a hearing before issuing certificates of authority.
The plaintiff argues, however, that due process requires that it be given a hearing before a certificate can be issued to a competing bank. If that is the case, a hearing is required by constitution, and the disposition is then an adjudication for purposes of the Administrative Procedures Act, and a hearing must be held pursuant to the act.
The Fourteenth Amendment of the Federal Constitution provides, in part, ". . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." Article 1, § 2 of our state Constitution provides: "No person shall be deprived of life, liberty, or property, except by due process of law." As can be seen, the obvious, but sometimes overlooked, initial requirement in any due proces claim is that the claimant show the existence of some property or liberty interest which has been adversely affected by state action. See e. g., Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
To determine if the Delta Bank is entitled by the due process clauses to a hearing on the application of a potential competitor, we must look to see if the action of the commissioner in granting the application would infringe on any property or liberty interest held by Delta Bank. We conclude that it does not.
A banking association such as the Delta Bank is authorized, after obtaining a certificate of authority from the commissioner, to commence business and to exercise such powers as are granted by R.S. 6:237 and other statutory provisions relative to the powers of a bank. Whether or not a bank's interest in exercising those powers is termed a property or liberty interest, we do not believe that that interest is taken away merely by the granting to another entity of the same powers. The Delta Bank's authority to engage in the banking business is in no way abridged by the action of the commissioner in approving the application of another banking association, since the banking laws cannot be construed to give Delta Bank any right to the exclusive power to operate a bank in Plaquemines Parish, nor any right to choose its competition. We therefore hold that due process does not require that the commissioner hold a hearing at the request of opponents to an application for a certificate of authority to operate a bank.
Our holding is completely consistent with federal jurisprudence in the area. The federal courts of appeal have consistently held that due process does not require that opponents to an application for a bank charter be given a hearing. First National Bank of Smithfield, North Carolina v. Saxon, 352 F.2d 267 (4th Cir. 1965); Webster Groves Trust Co. v. Saxon, 370 F.2d 381 (8th Cir. 1966); Bridgeport Federal Savings & Loan Association v. Federal Home Loan Bank *335 Board, 307 F.2d 580, cert. den., 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 499 (1962).[4]
Because there is no statutory or constitutional requirement that the commissioner hold a hearing for the benefit of opponents to approval of applications for certificates of authority to organize a bank, we hold that the provisions of the Administrative Procedures Act relative to hearings have no application to the disposition by the commissioner of such an application.[5]
Our holding is consistent with the intent of the legislature in enacting the Administrative Procedures Act. The clear language of the act provides for a hearing to be held only when such a hearing is required by constitution or statute. We can find no indication in the act or the jurisprudence of this state that by enacting the Administrative Procedures Act the legislature intended that all action by any state agency, no matter how discretionary, should be preceded by notice and a hearing.
The plaintiff commenced this suit with an application for writs of mandamus to be directed to the commissioner to comply with the provisions of the Administrative Procedures Act relative to hearings before issuing to intervenor a certificate of authority to organize a banking business. According to C.C.P. 3863, "[a] writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law . . ." Since there is no legal requirement that the commissioner hold a hearing of the type sought by the plaintiff, there was no error in the trial court's denial of the plaintiff's application for writs of mandamus.
While denying the plaintiff's application for writs of mandamus, the trial court granted the plaintiff's alternate request for a trial de novo to review the propriety of the commissioner's action in granting the intervenor's application.[6] The trial court felt that such a trial de novo was called for in order to insure that the plaintiff had a meaningful right to review the commissioner's action. In so doing the trial court erred.[7]
It is well settled that the right of judicial review of administrative proceedings is presumed to exist.[8] It has been held that such review is necessary to the validity of administrative proceedings under our legal system and traditions. Buras v. Board of Trustees of the Police Pension Fund of the City of New Orleans, supra; Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (1971). The scope of review of administrative agencies in the performance of a discretionary duty is restricted to a determination of whether the agency's action can be deemed to have been unreasonable, arbitrary or capricious, or whether it amounted to an abuse of power. Kansas City Southern Ry. Co. v. Louisiana *336 Public Service Commission, 254 La. 160, 223 So.2d 132 (1969); Stevens Concrete Pipe & Products, Inc. v. Burgess, 252 La. 136, 209 So.2d 733 (1968). In the absence of a showing of such an abuse of discretion it is not the province of the judiciary to substitute its judgment for that of the administrative agency or to interfere with the agency's exercise of its discretion. Stevens Concrete Pipe & Products, Inc. v. Burgess, supra; Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959). Therefore, to state a cause of action for review of an administrative action, the aggrieved party must allege facts on which the reviewing court can conclude that the administrative agency abused its discretion. The plaintiff failed to do so in this case, and therefore failed to state a cause of action for review.
The commissioner is empowered to issue a certificate of authority to organize a bank after examination of the qualifications, responsibility and standing of the persons organizing the bank, unless he finds that the public interest will not be subserved by permitting such persons to organize a bank. The commissioner is thereby granted much discretion in deciding to grant an application. In order to overturn his decision it must be shown that he abused that discretion.
In ruling on the peremptory exception of no cause of action, the court must presume the correctness of the well pleaded allegations of fact in the plaintiff's petition, and must determine if the fact of the petition presents a case which legally entitles the plaintiff to the relief sought. Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373 (La.1980); Hero Lands Co. v. Texaco Inc., 310 So.2d 93 (La.1975); Rebman v. Reed, 286 So.2d 341 (La.1973). Although the correctness of the plaintiff's well pleaded allegations of fact is assumed, the correctness of its conclusions of law is not conceded for purposes of a ruling on an exception of no cause of action. Breaux v. Laird, 223 La. 446, 65 So.2d 907 (1953); Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 16 (1934); Federal Land Bank of New Orleans v. Mulhern, 180 La. 627, 157 So. 370 (1934).
C.C.P. 891 provides that a petition "shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based . . ." From that language it is clear that a court when considering an exception of no cause of action must consider only the facts alleged by the plaintiff, and that a mere statement of a conclusion of law will not state a cause of action. See, Fact Pleading v. Notice Pleading, the Eternal Debate, 22 Loyola L.Rev. 47 (1976).
After a careful examination of the plaintiff's petition for mandamus and its amending and supplemental petition, we must conclude that those pleadings are completely devoid of any factual allegations that would support a conclusion that the commissioner abused his discretion. The plaintiff does make the claim that the commissioner's action was "arbitrary and capricious and characterized by abuse of discretion and [a] clearly unwarranted exercise of his authority," and that it was "manifestly erroneous in view of the reliable, probative, and substantial evidence which he refused to consider," and that it is therefore entitled to a review. Those claims amount to no more than an assertion of conclusions. There are no specific facts pleaded to show why or how the commissioner's action was arbitrary. There is no indication as to the nature of the "reliable, probative, and substantial" evidence which the plaintiff claims the commissioner refused to consider. In fact, the plaintiff's petition sets forth no facts whatsoever indicating that the intervenor is not a well qualified applicant for a certificate or that the approval of the application was not subservient to the public interest. In the absence of a statement of the material facts upon which it bases its claim, the plaintiff's pleadings do not set forth a cause of action for review of the commissioner's action in granting the Mississippi Group's application for a certificate to organize a bank in Placquemines Parish. We hold therefore that the trial court erred in granting the plaintiff's prayer for a trial de novo to review the commissioner's action.
For the reasons assigned, the action of the trial court is affirmed insofar as the *337 trial court sustained the defendant's exception of no cause of action to the plaintiff's application for writs of mandamus, and reversed insofar as it granted the plaintiff a trial de novo to review the commissioner's approval of the defendant's application for a certificate of authority to organize a banking institution.
The case is remanded to the district court for further proceedings in accordance with C.C.P. 934;[9] relator is cast for all costs in this court.
EDWARD A. de la HOUSSAYE, III, J., concurs and assigns reasons.
EDWARD A. de la HOUSSAYE, III, Justice Ad Hoc, concurring.
The majority decision correctly holds that there is no provision of any statute or constitution which requires the Commissioner to hold a hearing to hear objections to the issuance of a certificate of authority to organize a bank. It would thus appear that the solution to the problem faced by petitioners herein must be obtained from the legislature, rather than the judiciary.
I concur.
NOTES
[*] Honorable Edward A. de la Houssaye, III, participated in this decision as an Associate Justice Ad Hoc.
[1] The First Citizens Bank Group, which intervened on the side of Delta Bank, has not applied to this court for writs.
[2] We do not hold that the Administrators Procedures Act is in no case applicable to the activities of the commissioner. For example, regulations enacted and promulgated by the commissioner under his power to regulate the functions of banking associations are subject to the act. See, R.S. 6:237.
[3] Our holding is consistent with the manner in which the federal courts have interpreted the federal Administrative Procedures Act. That act has been held to provide for a hearing only if one is required by the constitution or some statute outside the act itself. Clardy v. Levi, 545 F.2d 1241 (9th Cir. 1977); First Bank & Trust Co. v. Smith, 509 F.2d 663 (1st Cir. 1975); Sisselman v. Smith, 432 F.2d 750 (3d Cir. 1970).
[4] In Camp v. Pitts, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973), the Supreme Court of the United States held that the Comptroller of the Currency is not required to hold a hearing on applications for bank charters, even at the instance of a party who has actually applied for a charter. The court did not directly address the issue of due process, but the clear implication of the holding was that there is no due process problem with the comptroller's power to grant or deny such applications in his discretion without a hearing.
[5] The same result was reached by the Court of Appeal in First National Bank of Abbeville v. Sehrt, 246 So.2d 382 (1st Cir. 1971), writs refused 258 La. 909, 248 So.2d 334 (1971). The court held that neither the Administrative Procedures Act nor due process require that an opponent to the issuance of a certificate of authority be afforded a hearing. See also, First Federal Savings & Loan Association of Concordia v. Smith, 327 So.2d 657 (1st Cir. 1976), writ refused 329 So.2d 431 (La.1976). The federal courts have similarly held that the Comptroller of the Currency need not hold a hearing before issuing a bank charter. See Camp v. Pitts, supra, note 4, and cases cited in the text at note 4.
[6] This request was presented in the plaintiff's amending and supplemental petition.
[7] ". . . the failure to disclose a cause of action . . . to institute the suit, may be noticed by either the trial or appellate court of its own motion." C.C.P. 927.
[8] Because the commissioner's action was not an adjudication for purposes of the Administrative Procedures Act, the provisions of the act relative to review of adjudications do not apply. See, R.S. 49:964.
[9] "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." C.C.P. 934.