KING, Judge.
The sole issue presented for review is whether the plaintiff alleges a cause of action in his petition for the partition of an entire 31.46 arpent tract of land in St. Martin Parish.
The plaintiff, A. Claude Broussard, brought this suit against Ophe Guidry and his wife, Berthe Duplechien Guidry, Dr. G.W. Martin and his wife, Cecilia Guilbeau, and the heirs of Numa Journet, to force a judicial partition of an entire 31.46 arpent tract. Defendants, Ophe Guidry and Berthe Duplechien, filed exceptions of no right of action and no cause of action. Without assigning written reasons, the trial judge sustained the exception and ordered the suit dismissed, with prejudice, if Broussard did not amend his petition within fifteen days to state a cause of action.[1] See, LSA-C.C.P. Art. 934. Rather than amend his petition, Broussard perfected this appeal.
FACTS
In order to properly understand this controversy, it is necessary to trace the relevant history of title and acts of ownership, as alleged in Broussard’s petition, to the tract of land sought to be partitioned. In 1886, Gustave Journet owned the entire 31.46 arpent tract of land which is the subject of the present controversy. He sold the entire tract to Louis Journet and Numa Journet as owners in indivisión. Neither Louis nor Numa had partitioned the property when, on January 5, 1906, Louis Journet sold to Broussard’s father a piece of property described as follows:
“That certain tract of land measuring fifteen superficial arpents undivided held in common with Mrs. Numa Journet, situated in the parish of St. Martin bounded north by Mrs. Numa Journet, South by Charles Brudder, east by Charles Brudder, West by Mrs. Numa Journet.” (Emphasis added.)
Broussard alleges that he acquired by deed and partition this same tract of land land, containing fifteen superficial arpents, more or less, from his mother and father.
In 1909, a portion of Numa Journet’s interest in the entire 31.46 arpent tract was sold for non-payment of taxes to Breaux Bridge Bank and Trust Company. The property sold to the bank is described as follows:
“A certain tract of land containing sixteen acres, bounded North by Huron, East by same, South by Gordon and West by same.”
Breaux Bridge Bank and Trust then sold this sixteen acres to Dr. G.W. Martin.
In 1926, another portion of Numa Jour-net’s interest in the entire 31.46 arpent tract was sold for non-payment of taxes to Robert Willis. The property transferred in this sale is described as follows:
“A certain tract of land containing twenty acres bounded North by Billeaud, East by same, South by Gordon and West by same.”
In 1933, Robert Willis then sold his “twenty acres” to the defendant, Ophe Gui-dry, husband of Berthe Duplechien Guidry.
Broussard further alleges that he and his ancestors in title have always caused the southern fifteen arpents to be farmed or grazed through lessees. However, Brous-sard states in his petition that he has never been certain of the quantity of his land or the northern boundary of his property. Broussard alleges in his petition that, in October 1980, his lessee attempted to determine the exact quantity of Broussard’s land and the exact location of its north *38 boundary by hiring a surveyor. The surveyor hired by Broussard’s lessee surveyed the property and established a northern boundary which gave Broussard a total of 13.28 acres or 15.684 arpents. Broussard alleges that Ophe Guidry, the present owner of the land north of Broussard’s tract, then responded by hiring his own surveyor who established a boundary line which leaves Broussard with only 10.34 acres or 12.212 arpents. Broussard further claims that, early in March 1981, Guidry constructed a fence upon the boundary established by the survey made for him. In his petition, Broussard denies the correctness of the survey for defendant, Ophe Guidry, and the correctness of the location of the fence constructed by defendant, Ophe Gui-dry. Broussard alleges that he “... is entitled to a judicial partition in kind of said 31.46 arpent tract to establish precise quantity and boundaries as to the property that plaintiff shall own and to further remove the cloud on plaintiff’s title....”
EXCEPTION OF NO CAUSE OF ACTION
The standard for sustaining an exception of no cause of action has been set forth by the Louisiana Supreme Court in Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980), as follows:
“In ruling on the peremptory exception of no cause of action, the court must presume the correctness of the well pleaded allegations of fact in the plaintiff’s petition, and must determine if the fact of the petition presents a case which legally entitles the plaintiff to the relief sought. Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373 (La.1980); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Rebman v. Reed, 286 So.2d 341 (La.1973). Although the correctness of the plaintiff’s well pleaded allegations of fact is assumed, the correctness of its conclusions of law is not conceded for purposes of a ruling on an exception of no cause of action. Breaux v. Laird, 223 La. 446, 65 So.2d 907 (1953); Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 16 (1934); Federal Land Bank of New Orleans v. Mulhern, 180 La. 627, 157 So. 370 (1934).
“C.C.P. 891 provides that a petition ‘shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based.’ From that language it is clear that a court when considering an exception of no cause of action must consider only the facts alleged by the plaintiff, and that a mere statement of a conclusion of law will not state a cause of action. See, Fact Pleading v. Notice Pleading, the Eternal Debate, 22 Loyola L.Rev. 47 (1976).” Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330, 336 (La.1980).
See also, Meldean’s, Inc. v. Rivers, 410 So.2d 837 (La.App. 3rd Cir.1982), writ den., 414 So.2d 376 (La.1982).
After a careful examination of the facts as pleaded in Broussard’s petition, we find that he fails to state a cause of action for the partition of the entire 31.46 arpent tract.
Ownership of property in common is an essential element to an action for partition. LSA-C.C. Art. 1289; Devillier v. Devillier, 371 So.2d 1230 (La.App. 3rd Cir.1979), writ den., 373 So.2d 546 (La.1979). Broussard clearly alleges in his petition that he only owns the southernmost fifteen arpents of the 31.46 tract or an undivided interest in the southernmost fifteen ar-pents of the 31.46 arpent tract. Broussard could acquire no more than his father, his ancester in title, acquired. Broussard alleges no facts which give him an ownership interest in the remaining portion of the 31.46 arpent tract now owned by Ophe Guidry and the other defendants. Brous-sard’s petition contains a property description from his deed of acquisition recorded in the St. Martin Parish Conveyance Records, which describes the piece of property that he allegedly acquired, as follows:
“That certain tract of land with all buildings and improvements theren, situated in the Fifth Ward of St. Martin Parish, Louisiana, on the East side of Bayou *39 Teche, containing fifteen (15) arpents, more or less, and bounded on the North by Ophe Guidry, on the South by Olide Hollier and Hilaire Rossignon or assigns, on the East by public road and Olide Hollier and on the West by Corinne Cor-mier and E.L. St. Germain; located in W/2 of NW/4 of Section 9, T. 8 S.R. 6 E.” (Emphasis added.)
The most that Broussard can claim to own, under the allegations of his petition, is the entire interest in the property described in his deed of acquisition. In order for Broussard to have a cause of action to partition the entire 31.46 arpent tract, he would have to allege facts which make him a common owner of an undivided interest in the entire 31.46 arpent tract. Broussard does state in his petition that the public records show that he owns an undivided one-half interest in the 31.46 ar-pent tract in common with the defendants named in his petition. However, this is a legal conclusion and, as such, the courts are not bound to accept it as true when ruling on an exception of no cause of action. Delta Bank & Trust Co. v. Lassiter, supra. Broussard’s conclusion that he owns an undivided interest in the entire 31.46 arpent tract is entirely inconsistent with the well-pleaded facts of his petition. The facts as alleged by Broussard in his petition clearly show that he is not the co-owner of an undivided interest in the entire 31.46 arpent tract. A demand for partition will be dismissed if a determination is made that a “thing” is not in fact “held in common.” LSA-C.C. Art. 1289; Steele v. Denning, 456 So.2d 992 (La.1984); Smith v. Nelson, 121 La. 170, 46 So. 200 (1908). The facts set forth in Broussard’s petition only allege that, at most, he acquired ownership to a fifteen arpent tract which, at one time, was part of the entire 31.46 arpent tract and which his deed of acquisition recognizes was bound on the north by the property of the defendant, Ophe Guidry. Thus, he is not entitled to bring suit to partition the entire 31.46 ar-pent tract under Louisiana law.
For the foregoing reasons, the judgment of the trial court is affirmed. The suit of the plaintiff, A. Claude Broussard, as against the defendants, Ophe Guidry, and his wife, Berthe Duplechien Guidry, will be ordered dismissed, with prejudice, at his cost, if within fifteen (15) days of the date this judgment becomes final he does not amend his petition to state a cause of action against these defendants. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. The trial court judgment does not specify which of defendants’ exceptions was sustained. However, both parties in brief and oral argument before this court primarily treat the judgment as sustaining defendants' exception of no cause of action.