KING, Judge.
The issues presented on appeal are whether or not the plaintiff has alleged a cause of action in his second supplemental and amending petition for the partition of a 31.46 arpent tract of land in St. Martin Parish, Louisiana and whether or not the defendant is entitled to damages for a frivolous appeal.
The facts in this case are identical to those discussed when this case was first reported in Broussard v. Guidry, 464 So.2d 36 (La.App. 3 Cir.1985), writ den., 469 So.2d 983 (La.1985). There, it was held that plaintiff’s petition did not state a cause of action to partition a 31.46 arpent tract of land allegedly co-owned by the plaintiff and defendants. This court affirmed the trial court’s judgment of dismissal in favor of defendants, but allowed the plaintiff fifteen days to amend his petition after this court’s judgment became final. Plaintiff sought a rehearing of our decision, which was denied, and applied to the Louisiana Supreme Court for supervisory writs to review our decision and this writ application was also denied. Plaintiff then filed in the trial court a first supplemental and amending petition. Defendants then filed an objection of vagueness which was sustained. Plaintiff then filed a second supplemental and amending petition. Defendants then again excepted to plaintiff’s second and supplemental and amending petition and the trial court sustained an exception of no cause of action and ordered plaintiff’s suit dismissed with prejudice at his cost. Plaintiff appeals the trial court’s judgment sustaining defendants’ exception of no cause of action and ordering dismissal of plaintiff’s suit with prejudice. Defendants answer the appeal praying for an affirmance of the trial court’s judgment and for damages for a frivolous appeal. We affirm the trial court judgment and grant damages to defendants and against plaintiff for a frivolous appeal finding this second appeal to be without merit and frivolous.
FACTS
The facts have not changed since this case was first reported in Broussard, supra, and we again quote the pertinent facts here:
“In order to properly understand this controversy, it is necessary to trace the relevant history of title and acts of ownership, as alleged in Broussard’s petition, *1168 to the tract of land sought to be partitioned. In 1886, Gustave Journet owned the entire 31.46 arpent tract of land which is the subject of the present controversy. He sold the entire tract to Louis Journet and Numa Journet as owners in indivisión. Neither Louis nor Numa had partitioned the property when, on January 5, 1906, Louis Journet sold to Broussard’s father a piece of property described as follows:
‘That certain tract of land measuring fifteen superficial arpents undivided held in common with Mrs. Numa Jour-net, situated in the parish of St. Martin bounded north by Mrs. Numa Jour-net, South by Charles Brudder, east by Charles Brudder, West by Mrs. Numa Journet.’ (Emphasis added.)” Broussard v. Guidry, 464 So.2d 36, at page 37 (La.App. 3 Cir.1985), writ den., 469 So.2d 983 (La.1985).
It is on the basis of this act of sale from Louis Journet to Broussard’s father that plaintiff claims to be a co-owner of the entire 31.46 arpent tract of land which he seeks to partition.
A brief review of the procedural history in this case leads us to the first issue in this appeal, which is whether or not the plaintiff’s petition, as amended and supplemented a second time, now states a cause of action for partition of the 31.46 arpent tract of land.
Plaintiff, A. Claude Broussard, first filed suit to partition the alleged co-owned property in February, 1982. Defendants, Orphe Guidry and Berthie Guidry, filed exceptions of no right of action and no cause of action, alleging that the petition clearly indicated that plaintiff’s heirs only purchased an undivided 15 arpent portion of the original 31.46 arpent tract and thus plaintiff was not a co-owner with the defendants of the entire 31.46 arpent tract of land. In September, 1983 the trial court sustained defendants’ exception and ordered a dismissal with prejudice unless plaintiff amended his petition within fifteen days to state a cause of action. Rather than amend, plaintiff appealed to this court. On January 30, 1985, this court affirmed the trial court’s judgment but allowed plaintiff fifteen days to amend his petition, from the time our judgment became final, to state a cause of action for partition against defendants. Broussard, 464 So.2d at page 39.
After exausting his appeal rights plaintiff returned to the trial court with a first supplemental and amended petition in June, 1985. Thereafter, defendants filed an exception of vagueness which the trial court maintained, granting plaintiff an additional thirty days to amend. Plaintiff again returned to court in July, 1986 with a “second substitute, supplemental and amending petition,” attaching to it certified copies of the various deeds of plaintiff and defendants to the property in dispute. Once again the trial court sustained the defendants’ exception of no cause of action and ordered the plaintiff’s suit dismissed with prejudice at his cost. Plaintiff now seeks appellate review of that judgment.
EXCEPTION OF NO CAUSE OF ACTION
The standard for sustaining an exception of no cause of action was set forth by this court when this case was first appealed where we said that:
"The standard for sustaining an exception of no cause of action has been set forth by the Louisiana Supreme Court in Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980), as follows:
‘In ruling on the peremptory exception of no cause of action, the court must presume the correctness of the well pleaded allegations of fact in the plaintiff’s petition, and must determine if the fact of the petition presents a case which legally entitles the plaintiff to the relief sought. Plaquemines Parish Commission Council v. Perez, 379 So.2d 1373 (La.1980); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Rebman v. Reed, 286 So.2d 341 (La.1973). Although the correctness of the plaintiffs well pleaded allegations of fact is assumed, the correctness of its conclusions of law is not conceded for purposes of a ruling on an exception of no cause of action. *1169 Breaux v. Laird, 223 La. 446, 65 So.2d 907 (1953); Trumbaturi v. Katz & Besthoff, 180 La. 915, 158 So. 6 (1934); Federal Land Bank of New Orleans v. Mulhern, 180 La. 627, 157 So. 370 (1934).
‘C.C.P. [Art.] 891 provides that a petition “shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based....” From that language it is clear that a court when considering an exception of no cause of action must consider only the facts alleged by the plaintiff, and that a mere statement of a conclusion of law will not state a cause of action. See, Fact Pleading v. Notice Pleading, the Eternal Debate, 22 Loyola L.Rev. 47 (1976); Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330, 336 (La.1980).’
See also, Meldean’s, Inc. v. Rivers, 410 So.2d 837 (La.App. 3rd Cir.1982), writ den., 414 So.2d 376 (La.1982).” Broussard v. Guidry, 464 So.2d 36, at page 38 (La.App. 3 Cir.1985), writ den., 469 So.2d 983 (La.1985).
In the first appeal of this case we found that while plaintiff sought to partition an entire 31.46 arpent tract of land the facts he had pled showed that he only owned an undivided interest in the southernmost 15 arpents of the 31.46 arpent tract of land. Based upon these pleaded allegations, we affirmed the trial court’s judgment of dismissal if plaintiff could not amend his petition to plead his claim of ownership in the entire 31.46 arpent tract of land he sought to partition.
Plaintiffs second supplemental and amending petition attempts to do this but he cannot circumvent the truth of the facts. Plaintiff fails in his attempts to state a cause of action, but succeeds in causing undue hardship to defendants with this appeal.
In his second petition, plaintiff again alleges co-ownership of the 31.46 arpent tract by changing his allegations to plead that Louis Journet sold “his undivided one-half interest in and to the same 31.46 arpent tract.” However, plaintiff attaches to his second supplemental and amending petition a certified copy of the act of sale which clearly indicates that Louis Journet only sold to plaintiffs father “That certain tract of land measuring 15 superficial arpents undivided held in common with Mrs. Numa Journet ...” This is in direct conflict to the conclusion that plaintiff alleges in his petition.
Plaintiff alleges in his petition and argues in his brief that this act of sale conveyed Louis Journet’s entire undivided one-half interest in the entire 31.46 arpent tract of land to his father, hence, he is a co-owner of the entire 31.46 arpent tract of land. It is clear from the terms of the act of sale that the northern owner of the property that borders the 15 arpents sold to plaintiff’s father was Mrs. Numa Journet. It is thus apparent that Louis Journet only sold to plaintiffs father his undivided interest in the southernmost 15 arpent tract of the 31.46 arpent tract. This is buttressed by the fact that, as plaintiff has pled, for the last 80 or so years plaintiff’s ancestors have always only occupied as owners the southernmost 15 arpent tract of the entire 31.46 arpent tract of land.
The facts set forth in Broussard’s second supplemental and amending petition do not set forth a cause of action to support a request for judicial partition of the entire 31.46 arpent tract of land anymore than did his original petition. Plaintiff has not and cannot allege that he has acquired by deed an undivided interest in the entire 31.46 arpent tract of land he seeks to partition. This court finds from the facts in this case that the plaintiff never could effectively assert such ownership for the facts and public records are clear otherwise.
For the foregoing reasons, the judgment of the trial court is affirmed. The suit of the plaintiff, A. Claude Broussard, as against the defendants, Ophe Guidry and his wife, Berthie Guidry, will be ordered dismissed, with prejudice, at plaintiff’s cost.
Plaintiff has again appealed the trial court’s second dismissal of his suit when *1170 he has not alleged any additional facts to show that he is a co-owner with the defendants of the entire 31.46 arpent tract of land which he seeks to partition. Defendants have answered the appeal seeking damages and attorney’s fees for a frivolous appeal. Plaintiffs persistent claim to that to which he is deary not entitled is not only frivolous but abusive of the legal process. For this reason judgment will be rendered in favor of defendants and against plaintiff in the sum of $1,000.00 as damages and $500.00 as attorney’s fees for frivolous appeal. All costs of this appeal are to be paid by plaintiff-appellant.
AMENDED AND AFFIRMED.