822 So.2d 98 (2002)
Donald GIBSON
v.
FIREFIGHTERS' RETIREMENT SYSTEM, et al.
No. 2001 CA 1585.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
Jeffrey D. Guerriero, Monroe, for PlaintiffAppellee Donald Gibson.
R. Randall Roche, Baton Rouge, Robert D. Klausner, Plantation, FL, for DefendantAppellant Firefighters' Retirement System of Louisiana.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
FOGG, J.
By this appeal, the Firefighters' Retirement System contests a district court's award of on-duty disability benefits to one of its members. For the following reasons, we affirm.
Donald Gibson was employed by the City of Monroe as a firefighter. On September 16, 1994, Gibson and some of his fellow firefighters were traveling to Baton Rouge to participate in a training program at LSU. They stopped at the Lady Luck Casino in Natchez, Mississippi. While at the casino, a pen gun fell out of another firefighter's pocket and fired, accidentally injuring Gibson and causing permanent disability.
Gibson applied to the Firefighters' Retirement System for job-related disability benefits. The Board of Trustees determined that Gibson's injuries were not incurred in the line of duty, denied his application for job-related disability benefits, and awarded him non-duty disability benefits.
Gibson filed suit in the Nineteenth Judicial District Court, contesting the Board's denial of duty-related disability benefits. The district court reversed the agency and awarded Gibson benefits for members disabled in the line of duty. This appeal followed.
The parties agree that the standard of review applicable in this case is "restricted to a determination of whether the agency's *99 action can be deemed to have been unreasonable, arbitrary or capricious, or whether it amounted to an abuse of power."[1]Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).
Louisiana Revised Statute 11:215 and 11:2258(B)(1)(a) authorize the Board of Trustees to grant a service-connected disability retirement benefit to those members who become "totally disabled solely as the result of injuries sustained in the performance of his official duties ... and provided that the disability was incurred while the member was an active contributing member in active service."
On appeal, the Firefighters' Retirement System asserts that the decision of the Board of Trustees that Gibson's injuries were not sustained in the performance of his official duties is not arbitrary, capricious or an abuse of power, and therefore, should be reinstated. Specifically, it asserts the determination that Gibson was not in the line of duty at the time of the injury is reasonable because the firefighters stopped at a casino where some firefighters played the slot machines. We disagree.
The record reflects that, at the time of the accident and for approximately eight years prior to the accident, Gibson was employed by the City of Monroe Fire Department. On September 14, 1994, Chief Maxey and Chief Harper advised several firefighters that they were required to attend a training exercise at LSU in Baton Rouge, Louisiana on September 16, 1994. Each firefighter received $50 for meals while traveling and was assigned to a designated vehicle for the trip. Gibson rode with three firefighters, all of whom were his superiors, in a vehicle owned by the City of Monroe. While traveling to Baton Rouge, they stopped at the Lady Luck Casino in Natchez, Mississippi to eat. It is undisputed that the route to Baton Rouge through Natchez, Mississippi from Monroe is acceptable and that the City of Monroe did not have a policy that provided that it was unacceptable to stop at a casino for lunch.
Shortly after arriving at the casino, another firefighter won while playing the slot machines. Gibson brought that firefighter a cup to put his winnings in and began helping him collect coins from the floor. As both men bent down, a pen gun fell from the other firefighter's pocket to the floor and discharged, injuring Gibson. It is undisputed that Gibson is totally and permanently disabled. Gibson testified that he drank no alcoholic beverages while at the casino, and did not gamble.
Considering the fact that Gibson was on a mandatory training exercise, planned and funded by the employer at the time of his injury, we find that the Board of Trustees acted unreasonably in concluding that stopping to eat at a casino constituted a substantial deviation from his job. Therefore, we find no error in the trial court's determination that Gibson was on-duty at the time of his injury.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the Firefighters' Retirement System.
AFFIRMED.
NOTES
[1] Because we find that the agency's action is in error under this lesser standard, we decline to reach the issue of whether LSA-R.S. 49:964 of the Administrative Procedures Act, LSA-R.S. 49:950 et seq., applies herein.