SHERRON G. BOWERS
v.
FIREFIGHTERS' RETIREMENT SYSTEM.
No. 2006 CA 2386.
Court of Appeal of Louisiana, First Circuit.
September 19, 2007.
DANIEL E. BROUSSARD, JR., Alexandria, La, Attorney for Plaintiff/Appellant, Sherron G. Bowers.
STEVEN S. STOCKSTILL, Baton Rouge, LA, Attorney for Defendant/Appellee Firefighters' Retirement System.
Before: GAIDRY, MCDONALD AND McCLENDON, JJ.
McDONALD, J.
Ms. Sherron Bowers had twelve years of service at the Caddo Fire District No. 4. After suffering from genitourinary prolapse, she applied for disability retirement benefits. After a review of the case, the Firefighters' Retirement System awarded non-job-related disability retirement benefits. At Ms. Bowers' request, the Firefighters' Retirement System reconsidered the matter on two occasions. Both times, it concluded she was entitled to non-job-related disability retirement benefits rather than job-related disability retirement benefits. Ms. Bowers appealed the final decision to the Nineteenth Judicial District Court, which reviewed the case and affirmed the Firefighters' Retirement System's decision.
Ms. Bowers is appealing that judgment, asserting that the trial court erred in not finding the decision of the Firefighters' Retirement System erroneous, unreasonable, arbitrary and capricious or an abuse of discretion; and secondly, asserting that the trial court erred in not finding that the Firefighters' Retirement System's decision violated Article 1, Section 3 of the Louisiana Constitution because it discriminated on the basis of gender.

THE APPLICABLE STATUTES
Louisiana Revised Statutes 11:215 provides for the Firefighters' Retirement System in pertinent part:
A. A member who becomes disabled, and who files for disability benefits while in service, and who upon medical examination and certification as provided for elsewhere in this Subpart, is found to be totally disabled solely as the result of injuries sustained in the performance of his official duties, or for any cause, provided the member has at least five years of creditable service and provided that the disability was incurred while the member was an active contributing member in active service, shall be entitled to disability benefits under the provisions of R.S. 11:2258(B).
Louisiana Revised Statute 11:2258(B)(1) provides in pertinent part:
(c) Any member who is totally disabled from an injury received in the line of duty, even though the member may have less than five years of creditable service, shall be paid, on a monthly basis, an annual pension of sixty percent of the average final compensation being received at the time of disability.
(d) Any member of the system who has become disabled or incapacitated because of continued illness or as a result of any injury received, even though not in the line of duty, and who has five years of creditable service, but is not eligible for retirement under the provisions of R.S. 11:2256 may apply for retirement under the provisions of this Section and shall be retired on seventy-five percent of the retirement salary to which he would be entitled under R.S. 11:2256 if he were eligible thereunder or twenty-five percent of the member's average salary, whichever is greater.

ANALYSIS
In granting or denying disability benefits, the determination of the Firefighters' Retirement System is a discretionary act. Henning v. Carrier, 430 So.2d 1310, 1314-15 (La. App. 1 Cir.), writ denied, 435 So.2d 429 (La. 1983); Rue v. Board of Trustees of the City of Alexandria Employees Retirement System, 484 So.2d 272, 274 (La. App. 3rd Cir.), writ denied, 488 So.2d 689 (La. 1986). It is considered a discretionary act because the determination of the board is not required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing. Henning, 430 So.2d at 1314; La. R.S. 49:951(3). The determination therefore is not characterized as an adjudication for purposes of the act unless a statute or the constitution requires a hearing or notice. Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 333 (La. 1980).
The scope of review to be applied is restricted to a determination of whether the agency's action can be deemed to have been unreasonable, arbitrary or capricious, or whether it amounted to an abuse of power. Henning, 430 So.2d at 1315-16; Moity v. Firefighters' Retirement System, 06-0775, p.8 (La. App. 1 Cir. 3/23/07), 960 So.2d 158, 163, writ denied, 07-0829 (La. 6/1/07), 957 So.2d 183.
A review of the record shows that the Firefighters' Retirement System first determined that the genitourinary prolapse was disabling, and then analyzed the medical evidence to conclude whether or not her occupation caused the prolapsed condition. The Firefighters' Retirement System concluded that Ms. Bowers was not disabled solely as a result of her job duties, relying on the medical evidence that her condition was caused by a combination of factors, including childbirth and genetic predisposition.
Thus, we cannot say the trial court erred in finding she did not suffer from gender-based discrimination, nor can we say that the trial court erred in finding that the Firefighters' Retirement System's decision was not unreasonable, arbitrary or capricious, or an abuse of power or discretion.
For the foregoing reasons, the trial court judgment is affirmed in accordance with the Uniform Rules, Courts of Appeal Rule 2-16.1.B. Appellant is cast with costs.
AFFIRMED.