GAIDRY, J.
|2The plaintiff/appellant, Tomorrow’s Investors, LLC (“TI”) through its CEO/president Chester Jones, appeals the decision of the 19th Judicial District Court to dismiss its appeal of the actions of the defendant/appellee, the State of Louisiana through the Louisiana Gaming Control Board and the Louisiana Department of Public Safety and Corrections Office of the State Police, Bureau of Investigations, Gaming Enforcement Division (“the Board”). For the following reasons, we affirm the ruling of the 19th Judicial District Court.
FACTS AND PROCEDURAL HISTORY
On April 14, 2010, the Board was notified by a holder of a Louisiana riverboat license that it was surrendering its license and cancelling its casino construction project in Lake Charles, Louisiana. On April 20, 2010, the Board made the surrender of the license officially known to the public.
*366 Upon learning of the surrender, TI became interested in acquiring the license and filed a timely application to the Board on September 23, 2010. Along with the application, TI sent a letter with questions to the Board. Specifically, TI wanted to know the minimum size the Board required for the construction project before committing. TI’s application did not include a $50,000 certified or cashier’s check, which is required by La.R.S. 27:72(D) to defray the costs of the Louisiana State Police’s performance of a background check of the applicant. Since TI did not include this fee with its application, the Board sent a deficiency letter to TI on October 1, 2010, citing the lack of the $50,000 application fee, as well as pieces of information lacking in the application. The letter states specifically: “After a close review of each application, the Division has determined that your initial application is incomplete ... You have five (5) business days from ^receipt of this notice to provide the Gaming Enforcement Division with payment.”
TI responded to the Board in a letter dated October 11, 2010, stating it had the necessary funds for the application fee, but wanted to hold onto the funds until the Board answered its initial inquiries about the project. In response, the Board sent a letter of rejection of TI’s application on October 14, 2010. In the letter the Board emphasized that according to La.R.S. 27:72(D), the application fee must be sent along with the application at the time of filing.
Chester Jones arranged a meeting with representatives of the State Police Gaming Enforcement Division in Baton Rouge on October 20, 2010. At the meeting, Mr. Jones allegedly sought to confirm that TI was still under consideration by the Board, despite not having forwarded the $50,000 and not having his letter of questions fully answered to his satisfaction by the Board. He was advised to attend the Board meeting on the following day.
On October 21, 2010, the Board met in Baton Rouge to review the applicants for the riverboat casino license. The purpose of the meeting was to review the applicants, but no applicant was required to submit a proposal for that day, and no Board decision to award the license would be made until February, 2011. The Board had three applicants, of which TI was not one, under consideration. Mr. Jones was present at the meeting, and he brought with him $50,000 in certified funds, along with all other information the Board required that was not on TI’s application. Jones requested that the Board still consider TI, now that he had provided all the things that the Board required for the application. The Board voted on whether to amend their agenda to include TI in their review of applicants, and the vote was 6-3 |4against amending the agenda. Mr. Jones withdrew TI’s application at that time.
On November 1, 2010, TI sent correspondence to the Board to initiate an appeal on TI’s behalf, but the Board claimed it never received any such correspondence. TI therefore filed an appeal with the 19th Judicial District Court on November 8, 2010, to review what TI claimed was an arbitrary and capricious administrative decision by the Board. The defendants filed exceptions to the appeal. The one exception pertinent to this appeal is the declina-tory exception to the lower court’s lack of subject matter jurisdiction to hear the appeal. On March 21, 2011, the court sustained the defendants’ exception, and on March 30, 2011, TI’s appeal was dismissed. On May 31, 2011, TI timely filed the present appeal before this court.
*367 ASSIGNMENT OF ERROR
The appellant’s sole assignment of error is that the trial court erred when sustaining the defendants’/appellees’ declinatory exception for lack of subject matter jurisdiction, as the 19 Judicial District Court is granted jurisdiction by La.R.S. 27:26 to hear appeals of administrative decisions by the Board.
STANDARD OF REVIEW
Once a final judgment is rendered by the trial court in reviewing an administrative final decision in an adjudication proceeding, an aggrieved party may seek review of same by appeal to the appropriate appellate court, and on review of the trial court’s judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the trial court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Blair v. Stalder, 1999-1860, p. 9 (La.App. 1 Cir. 1/31/01), 798 So.2d 132, 139. We therefore take a de novo | ^review of this case, not being bound by factual or legal findings of the lower court.
DISCUSSION
Louisiana Revised Statutes 27:26 states:
All appeals from any decision of the board shall be filed within ten days of notice of the decision in the Nineteenth Judicial District Court and shall be reviewed solely on the record.
To decide whether the 19th Judicial District Court has subject matter over the Board’s action, we must consider whether the action is a decision as contemplated by La.R.S. 27:26. Appeals may only be taken from a final decision or order of the Board in an adjudication proceeding. Metro Riverboat Assoc., Inc. v. Louisiana Gaming Control Board, 2001-0185, p. 9 (La.10/16/01), 797 So.2d 656, 662. In that case, Metro qualified the “decision” as being a final decision in order to avoid the absurd result of over-burdening the courts with piecemeal appeals of every action of an administrative agency that can be considered a “decision.” Id., p. 8, 797 So.2d 656.
Was the Board’s vote to deny amending their agenda to include TI in their list of applicants a “final decision?” TI thinks it was, and uses Delta Bank & Trust Company v. Lassiter, 383 So.2d 330, 334 (La.1980) for support. We acknowledge that Delta Bank holds that a hearing is to be held when mandated by constitution. Id., at 334. The hearing, or due process, is required when a deprivation of life, liberty, or property is at stake. La. Const. Art. 1, § 2. As the Louisiana Supreme Court similarly found in Delta Bank, we find no such deprivation of life, liberty, or property here as a result of state action, because TI suffered no actual deprivation of property interest at the hands of the State when its licensure application was rejected. Neither the $50,000 application fee nor any other property of TI or Chester Jones |6was permanently taken by the Board. In that respect, the Board’s action was not a hearing or a final decision, and the Delta Bank case offers no support to TI’s argument.
TI also uses for support Moity v. Firefighters’ Retirement System, 2006-0775 (La.App. 1 Cir. 3/23/07) 960 So.2d 158. TI believes Moity and the present case follow the same fact pattern, and that in Moity the court’s judicial review of an arbitrary and capricious administrative agency’s decision was upheld. We, however, find the case to be distinguishable along the same grounds as Delta Bank because the plaintiff in Moity applied for “service-connected disability retirement benefits.” Moity, p. 10, 11, 960 So.2d 158. Where it was found *368 that the plaintiff in Moity was entitled to those benefits, TI can show no right or entitlement to a riverboat gaming license. Where the issues in Delta Bank and Moity concerned a deprivation of property or a right in property which constitutionally required an adjudication hearing, TI has suffered no such deprivation and therefore has no constitutional right to an adjudication hearing. The Board’s action that TI complains of cannot necessarily be viewed as a “final decision” from an adjudication hearing.
The above referenced cases refer to the Louisiana Administrative Procedure Act (LAPA), Title 49 of the Louisiana Revised Statutes, as the governing body of law for administrative procedure. While La.R.S. 27:26 statutorily grants appellate jurisdiction to the 19th JDC to hear appeals from the Board, it is La.R.S. 49:964 that sets the guidelines for judicial review of administrative decisions. It is also ■ based on 49:964(G)(5) that TI makes its arbitrary and capricious claim against the Board. However, we must look to 49:964(A)(1) as the “threshold” by which courts may receive administrative decisions for review. Louisiana Revised Statutes 49:964(A)(1) states:
|7[A] person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
Being a more general law than La.R.S. 27:26, La.R.S. 49:964 was intended to create procedures in those instances where none exist. Metro, p. 9, 797 So.2d 656. La.R.S. 49:964 takes effect when a person is aggrieved by a final decision or order in an adjudication proceeding. Was the Board’s action a final decision or order in an adjudication proceeding according to La.R.S. 49:964(A)(1)? An adjudication means an agency proceeding that results in a disposition that is required to be made (by constitution or statute) after notice was given and a hearing is held. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330, 333 (La.1980). We note that both notice and a hearing are required for an adjudication. Both parties in this case argue fervently as to whether the Board meeting on October 21, 2010 constitutes a hearing, but one fact is unavoidable: neither TI nor Chester Jones were ever served with notice of that meeting. In fact, Mr. Jones took it upon himself to attend the meeting. TI was not part of the Board’s agenda for applicants under review. Evidently, no representative of TI was expected to attend the meeting for any reason. We cannot find how, given these circumstances, an adjudication was held on October 21, 2010, handing down an order which deprived TI of a right or interest in its property.
CONCLUSION
After a complete review of all statutes and jurisprudence regarding the issue of whether the 19th Judicial District Court has subject matter | ¡Jurisdiction to review the action taken by the Board against TI, we find that the Board did not conduct an adjudication hearing or render a final decision according to either La.R.S. 27:26 or La.R.S. 49:964. The court therefore has no subject matter jurisdiction to hear TI’s appeal and rightly granted the Board’s declinatory exception.
*369 DECREE
The decision of the 19th Judicial District Court to grant the declinatory exception for lack of subject matter jurisdiction for the appellees and against the appellant in this matter is affirmed. All costs of this appeal are assessed to the appellant, Tomorrow’s Investors, L.L.C. through its CEO/president, Chester Jones.
AFFIRMED.
McDONALD, J., concurs.