446 So.2d 490 (1984)
Harold J. DELAHOUSSAYE, Joe P. McKellar, Salvador A. Tassistro, Dino R. Huy, and Amos P. La Borde, Jr.
v.
The LOUISIANA STATE RACING COMMISSION.
No. CA-1134.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Paul A. Tabary, III, Sapir & Krasnoff, New Orleans, for appellees.
John E. Jackson, Jr., Asst. Atty. Gen. and Atty. for the Louisiana State Racing Commission, New Orleans, for appellant.
*491 Before GARRISON, GULOTTA and LOBRANO, JJ.
LOBRANO, Judge.
This suit was brought on October 22, 1981 by appellees, Harold J. Delahoussaye, Joe P. McKellar, Salvador A. Tassistro, Dino R. Huy and Amos P. LaBorde, all trainers licensed by the Louisiana State Racing Commission, applying for injunctive relief to enjoin appellant, the Louisiana State Racing Commission (hereinafter Commission) from holding any hearings on the July 17 and July 18, 1981 rulings of the Stewards at Jefferson Downs, Inc. Those rulings held each appellee to be in violation of the Rules of Racing to wit:
"Each was held in violation of the medication rule of the Rules of Racing when the sample from his horse proved positive for prednisone, a prohibited medication under the Rules of Racing.[1]
Each ruling referred the matter to the Commission for further action. Each appellee appealed the particular Steward's ruling against him to the Commission as per La.R.S. 4:154(F) which requires that the Commission grant a hearing within ten (10) days of receipt of an appeal from a Steward's ruling.
On July 8, 1981, shortly before the Steward's rulings were rendered, the State of Louisiana through Governor David C. Treen enjoined the commission from meeting on July 9, 1981 or at any time thereafter until the appointment of a new commission.
After its first organizational meeting, the newly constituted commission placed upon its agenda for hearing the appeals which had accumulated due to the State's injunction. The Commission scheduled appellees' appeals for October 1 and 2, 1981. Appellees appeared at that time prepared to present their cases, however the Commission continued the hearing until October 22 and 23, 1981. Appellees objected to this continuance. At the October 22, 1981 hearing appellees appeared, but refused to go forward with the presentation of their case on the grounds that the Commission had violated the provisions of La.R.S. 4:154(F). A temporary restraining order, as well as a preliminary and permanent injunction[2] were issued against the Commission prohibiting them from conducting a hearing on appellees' cases. It is from the permanent injunction that the Commission perfects this appeal.
The Commission asserts several errors on the part of the trial court. However, the appeal raises the basic issue of whether or not La.R.S. 4:154(F), creates a ministerial duty on the part of the Commission, or whether the intent of same was to provide an administrative remedy for the protection of the substantive rights of all parties. If the latter is a correct interpretation of the statute, then were those substantive rights prejudiced?
La.R.S. 4:154(F) provides:
"(F) The commission must grant a hearing within ten days of the receipt of this appeal, and must render a decision within forty-eight hours following the conclusion of the appeal hearing. Any continuance of a hearing must be reasonable in duration and for just cause."
This Court is of the same opinion as the trial court. When the legislature said "must" it meant exactly that. The evidence is abundantly clear that appellees were adversely affected by the stewards' ruling and they were left in a state of limbo for at least 10 weeks. Once they did obtain a hearing date it was continued by the Commission for another three weeks. Had they received a hearing within the ten day period, or a reasonable period beyond that their substantive rights would have been resolved, and they could have proceeded accordingly. Thus, we are of the *492 opinion that the intent of the legislative was to provide for a swift resolution of the issues. The fact that the act contains a provision permitting a reasonable continuance for just cause does not lessen that opinion.
The Commission argues that La.R.S. 4:154(F) provides for a ministerial function and that the proper remedy is a mandamus proceedings. In support of this position they cite Lemoine v. Ducote, 12 So. 939 (La.1893) wherein the court defined "ministerial act" as follows:
"A ministerial act may be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the Acts being done." Id. at 940.

We feel that the provisions of La.R.S. 4:154[3] do not fall within the meaning of a "ministerial act". The entire statute must be read together in order to properly understand the meaning to be given it. The act provides for the right to appeal a steward's hearing and the method for doing so. Of importance in this regard is Subsection E which provides:
"An appeal from the decision of the stewards to the commission shall not affect such decision until the appeal has been acted upon by the commission."
The aggrieved party, having no right to a suspensive appeal, is guaranteed a "speedy" hearing before the commission. Certainly, the ten day provision of La.R.S. 4:154(F) requires more of the Commission than just a "ministerial act". It requires a speedy determination of the aggrieved party's substantive rights. Failure to do so by the Commission unduly prejudices their right to pursue their livelihood.
We do not intend to imply that a continuance beyond the 10 day period will not be permitted in cases where there is sufficient cause. We do hold, however, that under the facts of this case the Commission failed to act within a reasonable period of time. This is especially true in view of the fact that appellees were ready to go forward on October 1, 1981 only to have the Commission delay the matter for another three weeks.[4]
We do agree with the Commission's contention that the testimony of Salvador Anzelmo, a former legislator, is not to be considered when determining legislative intent. Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977), writs denied. Accordingly, we have not considered same in making our determinations herein.
The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Rulings 46, 49, 50 and 52 of July 17, 1981; Ruling 54 of July 18, 1981.
[2] The temporary restraining order was issued on October 23, 1981; the preliminary injunction was issued on November 6, 1981, after a full hearing; and the permanent injunction was issued March 31, 1983.
[3] La.R.S. 4:154 provides:

A. Except as otherwise provided by this Section, the commission's hearings, practice and procedure and rule making procedure are as provided in Title 49, Chapter 13, administrative procedure act R.S. 49:951, et seq.
B. A final appeal, in the case of any person penalized, or disciplined by the stewards, may be taken to the commission.
C. Such an appeal must be filed in writing at the office of the commission within five days of the date of said penalty or imposition of said discipline.
D. Such an appeal must be signed by the person making it and must set forth his reason therefor.
E. An appeal from the decision of the stewards to the commission shall not affect such decision until the appeal has been acted upon by the commission.
F. The commission must grant a hearing within ten days of the receipt of this appeal, and must render a decision within forty-eight hours following the conclusion of the appeal hearing. Any continuance of a hearing must be reasonable in duration and for just cause.
[4] Although the commission argues that their tardiness was due to the appointment of a new commission by Governor Treen, there is no evidence in the record to support the "just cause" for the delay from October 1, 1981 to October 21, 1981.