451 So.2d 1265 (1984)
Alvin SIDER
v.
LOUISIANA STATE RACING COMMISSION.
No. CA-1540.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Staff Atty., John E. Jackson, Jr., Asst. Atty. Gen. and Attorney for the Louisiana State Racing Commission, New Orleans, for appellee.
Arthur S. Mann, III, Tucker & Schonekas, New Orleans, for appellant.
Before SCHOTT, LOBRANO and WARD, JJ.
LOBRANO, Judge.
Alvin Sider, appellant (hereinafter referred to as Sider) appeals a decision of the lower court which upheld his suspension by the Louisiana State Racing Commission (hereinafter referred to as Commission). He raises two issues on appeal. First, he argues that the proceedings conducted by the stewards must comply with the provisions of the Louisiana Administrative Procedure Act (La.R.S. 49:951 et seq.). Second, he argues that he was denied a continuance of the hearing before the Commission which denial prevented his adequately preparing a defense to the stewards' charges.
Sider was the trainer of two horses, "Ruff Admiral" and "My Last Story", whose urine samples were found to contain the drug, Apomorphine, a central nervous stimulant. "My Last Story" finished first in the ninth race on October 28, 1981 at Jefferson Downs. "Ruff Admiral" ran in the second race on November 4, 1981 at the same track, but went unplaced. On November 28, 1981 the stewards conducted a hearing, and on December 4, 1981 issued Rulings 83 and 84 whereby Sider was found to have violated rule LAC 11-6:53.14 of the Rules of Racing.[1] Accordingly he was suspended from and denied the privileges at all tracks under the jurisdiction of the Commission.
*1266 Sider filed a suspensive appeal of that ruling to the Commission on December 4, 1981. The Commission refused to suspend the stewards' ruling, but did conduct a hearing on December 11, 1981 whereby they affirmed the stewards' findings and upheld their rulings. Sider was suspended for 5 years on each ruling, the suspensions, however to run concurrently.
STEWARDS' HEARING
Although Sider was present and represented by counsel at the time the stewards conducted their inquiry, he argues to this Court that he was denied notice of the hearing, that there was no transcript made of same, and, in general, that the procedures set forth in La.R.S. 49:951, et seq. the Louisiana Administrative Procedure Act, were not complied with.
La.R.S. 4:154 subjects the Commission to the Administrative Procedure Act, as it provides:
"A. Except as otherwise provided by this Section, the Commission's hearings, practice, and procedure and rule making procedure are as provided in Title 49, Chapter 13, administrative procedure act, R.S. 49:951, et seq.
B. A final appeal, in the case of any person penalized, or disciplined by the stewards may be taken to the commission.
C. Such an appeal must be filed in writing at the office of the commission within five days of the date of said penalty or imposition of said discipline.
D. Such an appeal must be signed by the person making it and must set forth his reason therefor.
E. An appeal from the decision of the stewards to the commission shall not affect such decision until the appeal has been acted upon by the commission.
F. The commission must grant a hearing within ten days of the receipt of this appeal, and must render a decision within forty-eight hours following the conclusion of the appeal hearing. Any continuance of a hearing must be reasonable in duration and for just cause."
The Commission is given the authority pursuant to La.R.S. 4:148 to promulgate such rules, regulations and conditions as are necessary "... for the holding, conducting and operating of all race tracks, race meets and races held in this state, and for the conduct of the racing industry of this state ..." In furtherance of their duties the Commission is given the authority to appoint stewards at the various tracks around the state during the race meetings. La.R.S. 4:147. In general stewards are charged with the responsibility of enforcing the rules and regulations of the Commission. See, LAC 11-6.5, 5.6. In a sense, they are the "policemen" of the Commission.
The Louisiana Administrative Procedure Act provides for certain procedural safeguards in the case of an adjudication. La.R.S. 49:955. An adjudication is defined as an "... agency process for the formulation of a decision or order." La.R.S. 49:951. A decision or order means:
"... the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of an agency, in any matter other than rule making, required by constitution or statute to be determined on the record, after notice and opportunity for an agency hearing, and including non-revenue licensing when the grant, denial or renewal of a license is required by constitution or statute to be preceded by notice and opportunity for hearing." La.R.S. 49:951(3).

We hold that the actions of the stewards do not fall within the meaning of the definition of "adjudication" so as to require application of the Administrative Procedure Act. See, Hagood v. Pickering, 385 So.2d 405 (La.App. 1st Cir.1980). The actions of the stewards are not a final decision of a State agency but merely the first step in the process to final adjudication. However, an aggrieved party's procedural due *1267 process rights are certainly protected by the provisions of La.R.S. 4:154, supra, and particularly those provisions which deal with the time frame between appeal date, hearing date and decision date. Furthermore the Rules of Racing, despite La.R.S. 4:154(E) to the contrary, provides that any person penalized by the actions of the stewards may apply to the Commission for a suspensive appeal. LAC 11-6:52.

FAILURE TO GRANT A CONTINUANCE
Sider argues that he moved for a continuance the morning of the hearing on the grounds that he did not have adequate time to prepare his defense, and further that he had just learned that there may be some residue of the urine samples taken and he wanted to run his own tests.
A reading of the testimony convinces this Court that the Commission was correct in its ruling denying the continuance. First, it is clear that there was insufficient urine obtained in either case to preserve a so-called "split sample".[2] Sider argues that even so, there may have been sufficient quantity remaining to allow other tests to be conducted which may be beneficial to his defense. He also argues that he did not have sufficient time to prepare a defense. Sider was notified of the December 11th hearing on December 5, 1981. He did not advise his attorney of the hearing until December 8, 1981.
In the recent case of Delahoussaye v. La. State Racing Commission, 446 So.2d 490 (La.App. 4th Cir.1984) this Court opined that the legislative intent of the ten (10) day provision of La.R.S. 4:154(F) was to provide for a swift resolution of an aggrieved party's rights, especially in view of the fact that he has no guaranteed suspensive appeal from the stewards' rulings. We stated in that case that the failure of the Commission to act within a reasonable time violated the legislative intent. However, as we stated in Delahoussaye, supra, we do not intend to imply that a continuance should never be permitted. Each case must be determined on its own facts. We hold that the Commission did not abuse its discretion in denying the continuance under the facts of this case, nor were Sider's due process rights violated in any way. He was well aware of the charges against him even before he received the official hearing notice of the Commission. Accordingly we affirm the trial court's ruling.
AFFIRMED.
NOTES
[1] This rule is sometimes referred to as the "medication rule" which prohibits the use of certain medications and/or drugs which are designed to stimulate and/or alter a horse's performance.
[2] See LAC 11-6:53.35, et seq., for an explanation of the methods and procedures used in testing the urine or blood samples.