ARMSTRONG, Judge.
Petitioner, Mr. Alonzo Guajardo filed a petition in Civil District Court for judicial review, annulment of the stewards’ ruling and injunctive relief. Guajardo sought to enjoin the defendant, the Louisiana State Racing Commission (“Commission”), from enforcing Stewards’ Ruling No. 197-ED and the Commission’s order of July 24, 1986. Following a hearing on the merits, the district court entered judgment in favor of petitioner and a preliminary injunction was issued enjoing the Commission from enforcing Stewards’ Ruling No. 197-ED and from effecting the revocation of petitioner’s license to engage in his occupation as a racehorse jockey. It is from this judgment that the Commission appeals. We affirm.
In June 1986 Mr. Guajardo was indicted by the Orleans Parish Grand Jury for conspiracy to commit sports bribery by attempting to influence the result of the eleventh race at the New Orleans Fair Grounds racetrack on March 19, 1986.
Upon receipt of a copy of the indictment, the stewards at Evangeline Downs racetrack in Lafayette, where Mr. Guajardo was then riding, held a hearing on June 26, 1986. The stewards found that Mr. Gua-jardo had violated the racing rules and issued Stewards’ Ruling No. 197 ED. which concluded that Mr. Guajardo should be suspended for the duration of the racing meet plus ten days, and denied him access to all other racetracks in the State under the supervision of the Commission. Because they determined that the punishment was insufficient, the stewards concluded that the case should be referred to the Commission pursuant to R.S. 4:172(M) which provides:
The stewards may suspend for no greater period than the duration of the *174 meeting plus ten days, or they may impose a fine not exceeding $200. All such suspensions and fines must be reported to the commission. If the punishment so imposed is not in the opinion of the stewards sufficient, they shall so report to the commission.
In response to the stewards’ ruling, on July 24, 1986 the Commission held a hearing in the matter. The Commission upheld the stewards' ruling and revoked Mr. Gua-jardo’s 1985-86 jockey license. This ruling had the effect of also prohibiting Guajardo from obtaining his 1986-87 jockey license. LSA-R.S. 4:150(A).[1] Mr. Guajardo then filed his suit in the district court. A preliminary injunction was issued on September 3, 1986, enjoining the Commission from enforcing the stewards’ ruling and from effecting its own decision. The Commission appeals.
Although the Commission assigns as error the trial court’s inssuance of the preliminary injunction, it does not argue the merits of that claim. Instead, the Commission argues that in failing to appeal the stewards’ decision to the Commission, Mr. Gua-jardo accepted the finality of that decision. Essentially the Commission contends that Mr. Guajardo should have appealed the stewards’ ruling to the Commission before seeking judicial review. In support thereof, it relies on Romero v. Stephens, 359 So.2d 1061 (La.App. 3rd Cir.1978).
In Romero the stewards found that plaintiffs’ horse tested positive for a prohibited drug and issued a ruling denying plaintiffs the second-place purse. Plaintiffs then filed a petition for judicial review in the district court, omitting an appeal of the stewards’ ruling to the Commission.
The court held that until a formal ruling is obtained from the Commission, the plaintiffs have failed to exhaust their administrative remedies and their complaint has no standing in district court. The court interpreted the word “may” in LSA-R.S. 154(B)[2] to mean that a person must appeal the stewards’ ruling or accept the finality of the stewards’ decision. Thus a penalized person desiring to appeal from a stewards’ ruling must first appeal to the Commission before seeking judicial review in district court. Romero at 1065.
Mr. Guajardo argues that Romero does not apply to this case. We agree. The facts in the instant case can be distinguished from those in Romero. In this case the stewards referred the case to the Commission. The Commission in turn conducted a hearing and issued a formal decision before Mr. Guajardo sought relief in the district court. Under these circumstances it is of no consequence that the Commission hearing was initiated by the stewards rather than by the petitioner. Opportunity was afforded the Commission to review the case, present evidence on any issues of fact involved, make a factual record and apply its expertise. Thus, the Commission was provided a chance to exer *175 cise its power over the stewards prior to any formal judicial review.
Further, we do not interpret LSA-R.S. 4:154 to require an administrative appeal to the Commission when the matter is brought before the Commission, regardless of who originates the request for review.
In addition, in the instant case it was the Commission and not the stewards that made the “decision” affecting Mr. Guajar-do’s status. The Commission ordered that Mr. Guajardo’s license be revoked. The authority to revoke licenses is vested in the Commission, not in the stewards. LSA-R.S. 4:150(A).
We also note that in the case of Olbrych v. Louisiana State Racing Commission, 451 So.2d 1253 (La.App. 4th Cir.1984) this court stated:
The stewards are not an agency as defined in the act [Louisiana Administrative Procedure Act LSA-R.S. 49:951, (et seq.)] because they do not “make [ ] rules, regulations, or policy, or formulate [ ] or issue [ ] decisions or orders ...”
Since the disposition by the stewards does not result in a “decision” or “order”, it is not an adjudication.... Delta Bank and Trust Co., supra, [383 So.2d 330 (La.1980)] see also Louisiana Administrative Procedure Act, Robert Force and Lawrence Griffith, 42 La.L. Rev. 1227 (1982). (Brackets added.)
The term “Adjudication” is defined in LSA-R.S. 49:951 as follows:
(1)“Adjudication” means agency process for the forumulation of a decision or order.
“Agency” is defined as follows:
(2)“Agency” means each state board, commission, department, agency, officer, or other entity which makes rules, regulation, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, except the legislature or any branch, committee, or officer thereof, any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof, and the courts.
“Decision” and “order” are defined as follows:
(3)“Decision” or “order” means the whole or any part of the final disposition (whether affirmative, negative, in-junctive, or declaratory in form) of any agency, in any matter other than rule-making, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing, and including non-revenue licensing, when the grant, denial, or renewal of a license is required by constitution or statute to be preceded by notice and opportunity for hearing.
See also Sider v. Louisiana State Racing Commission, 451 So.2d 1265, 1266 (La.App. 4th Cir.1984) which held that the actions of the stewards are not adjudications or final decisions, but rather are merely the first steps in the process to final adjudication.
As in Olbrych and Sider, we find that the Commission’s actions in this case, not those of the stewards, constituted the final administrative adjudication and thus were subject to judicial review.
The Louisiana Administrative Act, LSA-R.S. 49:964,[3] which governs procedural *176 matters of the Commission under LSA-R.S. 4:154(A), provides that a person aggrieved by an agency decision is entitled to judicial review and that the proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located. This was, in fact, the procedural route taken by Mr. Guajardo. Thus Mr. Guajardo did not bypass a required administrative procedure, as did the plaintiffs in Romero.
We conclude that Mr. Guajardo had standing to challenge the Commission’s ruling in district court. To hold otherwise would, in effect, deny Mr. Guajardo any remedy in which to challenge his suspension and revocation of his license.
For the foregoing reasons the decision of the district court is affirmed.
AFFIRMED.

. LSA-R.S. 4:150(A):
Licenses to owners, trainers, jockeys, and riders; qualifications of applicant for a license A. The commission may grant, refuse, suspend, or withdraw licenses to horse owners, jockeys, riders, agents, trainers, grooms, stable foremen, exercise boys, veterinarians, valets, platers, and/or anyone licensed pursuant to this Part and any rules and regulations the Commission adopts and upon the payment of a license fee as fixed pursuant to this Part. No license under this section shall be granted for more than one fiscal year, but a license issued pursuant to this Part is valid at all race meetings in the state during the period. Any license may be revoked by the commission and any person whose license has been revoked is ineligible to participate in racing unless the license is returned by the commission with permission to operate thereunder. No license shall be refused to any applicant who is qualified in accordance with the rules and regulations adopted by the commission; and no license shall be revoked without just cause.

. LSA-R.S. 4:154 reads in part:
Administrative procedure; appeal to the commission and review of commission rulings
A. Except as otherwise provided by this Section, the commission’s hearings, practice and procedure, and rule making procedure are as provided in the Administrative Procedure Act
******
B. A final appeal, in the case of any person penalized, or disciplined by the stewards, may be taken to the commission.
******

. LSA-R.S. 49:964(A), (B):
Judicial review of adjudication A. A person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewabie if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.
******