556 So.2d 1249 (1990)
Frank CARACCI
v.
LOUISIANA STATE RACING COMMISSION and the Stewards of Jefferson Downs Race Track.
No. 90-CC-0136.
Supreme Court of Louisiana.
February 16, 1990.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, John Jackson, Asst. Attys. Gen., for applicant-defendant.
Louis B. Merhige, New Orleans, for respondent-plaintiff.
PER CURIAM.
WRIT GRANTED.
The judgment of the trial court, permanently enjoining the stewards from conducting a hearing on issues regarding the race horse, Prince Chance, without providing due process standards to plaintiff, Frank Caracci, is hereby reversed, vacated and set aside.
The actions of the stewards in this case, and their attempt to further investigate the validity of the qualifications of plaintiff's horse, Prince Chance, were within the scope of their authority. See La.R.S. 4:172(E); and LAC 35:2115(F). Their investigatory and police powers further the state's interest in maintaining the integrity of the horse racing industry, where even the "appearance of impropriety" should not be tolerated. See Pullin v. Louisiana State Racing Com'n, 484 So.2d 105 (La. 1986).
Persons adversely affected by a decision of the stewards are afforded due process of law through the procedures set forth in La.R.S. 4:154, and the Rules of Racing. La.R.S. 4:154(B) through (F) provide for an appeal of a decision of the *1250 stewards to the Racing Commission.[1] Notwithstanding La.R.S. 4:154(E), the Rules of Racing provide that any person penalized by the actions of the stewards may apply to the Commission for a suspensive appeal. LAC 35:8301.[2] There is no right, however, to a suspensive appeal. Thus, the stewards may decide after a hearing, to suspend or revoke a racing license and/or redistribute purse money, and the person accused may or may not be granted a suspensive appeal. Nonetheless, La.R.S. 4:154(F) provides for a very brief time period within which appeals to the Commission must be decided. Thus any action taken by the stewards may be binding for no more than several days. The time frame set forth in 4:154(F) provides the necessary due process in this situation.
Additionally, La.R.S. 4:154 subjects the Racing Commission to the Administrative Procedure Act (La.R.S. 49:950 et seq.), which provides for certain procedural safeguards in the case of an adjudication. See La.R.S. 49:955. The actions of the stewards do not fall under the definition of "adjudication" so as to require application of the Administrative Procedure Act. See Sider v. Louisiana State Racing Com'n, 451 So.2d 1265 (La.App. 4th Cir.1984).
The legislature has expressed an intent and policy of "safeguarding the people of this state against corrupt, incompetent, dishonest and unprincipled horse racing practices." La.R.S. 4:141. The state's interest in maintaining the integrity of the horse racing industry is sufficient justification for the stewards' authority to impose a penalty without full blown due process being afforded at that stage of the proceedings. Their action is subject to immediate review and decision by the Commission on appeal with attendant due process protections.
NOTES
[1] La.R.S. 4:154 provides in pertinent part:

B. A final appeal, in the case of any person penalized, or disciplined by the stewards, may be taken to the commission.
C. Such an appeal must be filed in writing at the office of the commission within five days of the date of the said penalty or imposition of said discipline.
D. Such an appeal must be signed by the person making it and must set forth his reason therefor.
E. An appeal from the decision of the stewards to the commission shall not affect such decision until the appeal has been acted upon by the commission.
F. The commission must grant a hearing within ten days of the receipt of this appeal, and must render a decision within forty-eight hours following the conclusion of the appeal hearing. Any continuance of a hearing must be reasonable in duration and for just cause.
[2] LAC 35:8301, formerly designated LAC 11-6:52.1, provides:

Any person penalized or disciplined by the stewards may apply to the Commission for a suspensive appeal staying the effects of the stewards' action pending disposition of such appeal by the Commission. All appeals must be filed in writing at the office of the Commission within five days of the date of the penalty or imposition of the discipline.