CIACCIO, Judge.
The Louisiana State Racing Commission appeals a trial court judgment reversing its decision suspending trainer Norris J. Be-noit, Jr.
On February 24, 1989, Benoit, who worked as a trainer at Delta Downs Race Track in Vinton, Louisiana, allegedly met with an undercover state police trooper on the race track grounds and agreed to sell him ten electrical shocking devices for $200.00. Benoit advised the officer that he would have to follow him to another location off race track grounds for delivery of the devices. The trooper followed Benoit *579 to a residence on Louisiana Highway 3063 outside Vinton city limits. There Benoit went into a garage, got the devices and then came out and gave them to the trooper, exchanging them for $200.00 in cash.
Upon receipt of a report from the Louisiana State Police regarding Benoit’s alleged illegal activities, the stewards held a hearing on July 6,1989. Following the hearing, the stewards issued a ruling charging Be-noit with a violation of LAC 35:1801 B(7), finding his “conduct detrimental to the best interest of racing.” The stewards referred the matter to the Louisiana Racing Commission for further consideration and Be-noit appealed the ruling.
The Commission sent a notice to Benoit informing him that a hearing on the appeal would be held on October 25, 1989. The notice stated Benoit had violated LAC 35:1001B(7) rather than LAC 35:1801B(7).
At the hearing before the Commission, Benoit’s attorney moved to dismiss the complaint for the Commission’s failure to provide Benoit with correct and adequate notice of the alleged violation against him. Benoit’s counsel also complained that the police report relied on by the stewards in issuing their ruling erroneously stated the date of the alleged illegal activity as occurring on April 18,1989 rather than February 24, 1989. The Commission denied Benoit’s motion and after conducting a full hearing it upheld the stewards’ ruling. The Commission found that Benoit had violated LAC 35:1705 by selling the devices. In addition to suspending Benoit for five years, the Commission also fined him $5000.00 and denied him access to all race tracks and off-track wagering facilities under its jurisdiction during the period of his suspension. Benoit filed a petition for judicial review of the Commission’s decision in Civil District Court in Orleans Parish.
In reversing the decision of the Commission the trial judge gave the following reasons for judgment:
This matter came for trial on the Petition for Judicial Review filed by plaintiff. This Court is of the opinion that the penalties imposed by defendant are excessive due to the fact that plaintiff violated no law. There was no evidence presented that showed that electrical or mechanical devices were possessed by plaintiff on association premises, as prohibited by LAC 35:1.1705. Additionally, the plaintiff did not receive proper notice of hearing of a violation of LAC 35:I.1801B(4) and (7). Without proper form and notice, plaintiff’s right to due process was violated by the conduct of the hearing and the decision of the Commission. (In defendant’s memorandum for new trial, on page two, it admits to these errors and deficiencies. It also seems to suggest to the court that such problems are insignificant. However, this Court finds them to be of such a magnitude as to warrant reversal of the decision of the Commission). In light of these deficiencies, the decision of the Commission was clearly erroneous.
At its hearing on October 25, 1989, the Racing Commission heard the testimony of TFC Robert Thibodeaux of the Louisiana State Police. Officer Thibodeaux testified that he had received information from several confidential informants that Benoit was supplying electrical shocking devices to owners, trainers and jockeys working at Delta Downs. Under the State Racing Commission rules, the use of these devices was prohibited on race track grounds. As a result of the information, he testified the State Police began an active investigation into the alleged activity. According to Officer Thibodeaux, Officer George Durling of the Louisiana State Police posed as a race horse owner and met with Benoit at Delta Downs to purchase the ten electrical shocking devices.
Officer Durling also testified before the Commission at the hearing. He testified that as part of the undercover investigation he had met with Benoit on February 24, 1989 at barn number 5 on the Delta Downs premises and Benoit agreed to sell him electrical shocking devices but that they never discussed price. Officer Durling further testified that at the direction of Be-noit, he followed him to a location off track grounds outside Vinton City limits where the sales transaction took place. After *580 purchasing the devices, he made a report of the transaction which he gave to the Louisiana State Police.
At the hearing, Benoit testified that he had no knowledge of the sale of the electrical shocking devices and that he had never met Officer Durling. Further testimony at the hearing revealed that selling electrical shocking devices is not illegal under Louisiana law but possessing the shocking devices on race track premises is prohibited under the LAC 35:1705. Benoit submitted into evidence at the Commission hearing a copy of the notice of hearing that stated he had violated LAC 35:1001B(7).
After reviewing the testimony before the Louisiana State Racing Commission, we find the evidence supports the trial judge’s finding that Norris Benoit violated no law under LAC 35:1705.
On appeal, the Commission concedes that Benoit’s hearing notice was defective as to the specified violation but contends that the trial judge erred in reversing its decision as Benoit’s conduct clearly violated LAC 35:1801B(7), which allows sanctions against one “whose conduct at a race track in Louisiana or elsewhere is or has been improper, obnoxious, unbecoming or detrimental to the best interest of racing.” The Commission argues that the Louisiana Legislature expressed an intent to safeguard the people against corrupt, incompetent, dishonest and unprincipled horseracing practices, citing Caracci v. Louisiana State Racing Commission, 556 So.2d 1249 (La.1990), and because Benoit has since received proper notice of violating LAC 35:1801B(7), the matter should be remanded to it for further proceedings.
The trial judge considered the notice deficient and concluded that without proper notice of the violation of LAC 35:1801B(7), the Commission had violated Benoit’s right to due process by conducting the hearing relevant to and suspending him pursuant to that rule. We cannot say that this conclusion by the trial judge was clearly wrong. However, we cannot say that the evidence in the record is insufficient, as a matter of law, to have supported the charge of LAC 35:1801B(7). Under these circumstances, we conclude the trial judge was in error not to have remanded the matter to the Louisiana State Racing Commission for further proceedings. LSA-R.S. 49:964G.
Benoit’s argument that LAC 35:1801B(4) may not be used as a basis for the suspension of his license is specious. This section was originally cited by the State Police in their charge but the Commission did not charge him with violating this section. The trial judge complicated matters by referring to LAC 35:1801B(4) along with B(7) but it is clear that LAC 35:1801B(4) has nothing to do with the case. Consequently whether it can be used as a basis for suspending a trainer’s license is not before us.
Accordingly, the judgment of the trial court is affirmed insofar as it vacated and reversed the judgment of the Racing Commission. The judgment is amended to remand this case to the Louisiana State Racing Commission for further proceedings under LAC 35:1801B(7).
AFFIRMED IN PART; AMENDED IN PART AND REMANDED.