|,YELVERTON, Judge.
Billy Patín is a horse racing jockey. The defendants, E.J. Fayard, C.L. Webb, and Larry Munster, are horse racing stewards appointed by the Louisiana State ' Racing Commission. The defendants revoked Patin’s racing license. Patín filed a petition for injunctive relief and damages against the stewards. They filed exceptions of no cause of action. The exceptions were granted by the trial court. Patín appeals this judgment claiming that he has stated a cause of action under state law and federal law, specifically 42 U.S.C. § 1983. We affirm.
FACTS
According to Patin’s petition, his attorney received a fax on May 27,1999, around noon which declared that there would be an administrative hearing regarding his eligibility as a jockey at 5:30 p.m. that same day in the steward’s office. Patin’s attorney appeared at the hearing to contest the hearing because notice had not been provided in accordance with La.R.S. 49:955 of the Administrative Procedure *449 Act. At the hearing the stewards revoked Patin’s jockey license.
On June 1, 1999, Patín filed the present petition for injunctive relief and damages. Patín was granted a temporary restraining order as of May 29, 1999. The temporary restraining order was renewed on June 7, June 17, June 28, and July 7, 1999. The stewards filed motions to dissolve the temporary restraining order and a motion for a protective order and to quash deposition subpoenas. A hearing was held on July 14, 1999, on these motions, including Pa-tin’s motion for a preliminary injunction. The stewards had also filed exceptions of no cause of action, no right of action, improper cumulation, lack of subject matter and/or personal jurisdiction, and 12improper venue. These exceptions were set for hearing on August 23, 1999, but they were taken under consideration by the trial court at the hearing on July 14, 1999.
After a hearing, the trial court ordered that the temporary restraining order be dissolved, denied Patin’s request for a preliminary injunction, and denied the stewards’ motions to quash deposition subpoenas. The trial court also dismissed Patin’s suit for failure to state a cause of action. This appeal by Patín is from the trial court judgment finding that he did not state a cause of action.
DISCUSSION
In his brief Patín has alleged that the stewards have deprived him of his constitutional right of due process in two ways. First, he claims that the stewards violated his right of due process by scheduling a hearing on the revocation of his racing license with only five hours notice and without specifying the charges against him or the basis for their revocation of his license. Second, he claims that the steward’s sole reliance on a judgment of the Arkansas State Racing Commission violated his right to due process because that judgment had not been made executory in Louisiana.
The trial court found that Patín had raised procedural due process claims, which could be satisfied by the adequate administrative remedies provided in La. R.S. 4:141 et seq. The trial court concluded that the failure to exhaust these remedies precluded Patín from stating a cause of action pursuant to 42 U.S.C. § 1983 and from establishing irreparable injury as grounds for a temporary restraining order and preliminary injunction.
Citing Patsy v. Board of Regents of State of Fla., 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), Patín argues that he is not required to exhaust the state administrative [^remedies before commencing an action under' Section 1983. We agree that Patsy, 457 U.S. at 516, 102 S.Ct. at 2568, held that “exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983.” However^ our analysis does not end there.
In Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), the United States Supreme Court set forth the complete procedural due process analysis when a state actor deprives a person of a liberty interest. The Zinermon plaintiff had been confined to a mental hospital, as a voluntary mental patient, but lacked competency to give informed consent. The court distinguished between substantive and procedural due process violations. Violations of substantive constitutional rights are complete and actionable at the moment the wrongful deprivation occurs, and the existence of state post-deprivation remedies are irrelevant to the litigant’s ultimate success. But violations of procedural due process rights are not complete when the deprivation occurs; they are not complete “unless and until the State fails to provide due process.” Zinermon, 494 U.S. at 126, 110 S.Ct. at 983. Unlike violations of substantive rights, the existence of post-deprivation remedies are relevant in a procedural due process claim.
*450 The Zinermon analysis explained that if adequate remedies for erroneous deprivations exist under the state statutory or tort law and if the unconstitutional deprivation was the random and unauthorized act of state officials (not pursuant to state law), then the state has provided all the process that is due. Hence, no actionable violation of procedural due process has occurred. The Zinermon analysis is an extension of the Parratt-Hudson doctrine to specifically include deprivations of liberty interests. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) Land Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Prior to Zinermon, the Parrattr-Hudson doctrine applied to deprivations of property, whether intentional or negligent, and provided that random, unauthorized deprivations did not violate procedural due process if adequate post-deprivation remedies existed under state law. While the Zinermon court expanded the Parratt-Hudson doctrine to include deprivations of liberty interests, it limited that doctrine somewhat by refusing to apply it when the state vests in one state actor both the power to deprive the plaintiff of his liberty interest and the power to provide pre-deprivation process. This limitation is not relevant in the present case because it was the racing commission, as neutral decision-maker, who possessed the ultimate power to revoke Patin’s jockey license, not the stewards.
. Patin’s claims are that he was denied procedural due process by the stewards in revoking his jockey’s license. Therefore, we will discuss the post-deprivation remedies that were available to Patín.
In Caracci v. Louisiana State Racing Com’n, 556 So.2d 1249 (La.1990), the Louisiana Supreme Court specifically discussed the Rules of Racing. ■ In addition to holding that the actions of stewards do not fall under the definition of “adjudication” so as to require application of the Administrative Procedure Act, the supreme court also held that “[pjersons adversely affected by a decision of the stewards are afforded due process of law through the procedures set forth in La.R.S. 4:154, and the Rules of Racing.” Id. In discussing the procedural due process afforded a person who is aggrieved by the actions of the stewards, the supreme court in Caracci 556 So.2d at 1250, (footnote omitted) (bold emphasis supplied) explained:
[A]ny person penalized by the actions of the stewards may apply to the Commission for a suspensive appeal. LAC 35:8301. There is no right, however, to a suspensive appeal. Thus, the stewards may decide after La hearing, to suspend or revoke a racing license and/or redistribute purse money, and the person accused may or may not be granted a suspensive appeal. Nonetheless, La.R.S. 4:154(F) provides for a very brief time period within which appeals to the Commission must be decided. - Thus any action taken by the stewards may be binding for no more than several days. The time frame set forth in 4:154(F) provides the necessary due process in this situation.
Additionally, La.R.S. 4:154 subjects the Racing Commission to the Administrative Procedure Act (La.R.S. 49:950 et seq.), which provides for certain procedural safeguards in the ease of an adjudication. ...
The legislature has expressed an intent and policy of “safeguarding the people of this state against corrupt, incompetent, dishonest and unprincipled horse racing practices.” La.R.S. 4:141. The state’s interest in maintaining the integrity of the horse racing industry is sufficient justification for the stewards’ authority to impose a penalty without full blown due process being afforded at that stage of the proceedings. Their action is subject to immediate review and decision by the Commission on appeal *451 with attendant due process protections.
Louisiana Administrative Code Chapter 35 § 8301 still provides for an appeal of the decision of the stewards to the commission as follows:
Any person penalized or disciplined by the stewards may apply to the commission for a suspensive appeal staying the effects of the stewards’ action pending disposition of such appeal by the commission. All appeals must be filed in writing at the office of the commission within five days of the date of the penalty or imposition of the discipline.
The supreme court has declared that the administrative remedies afforded a person aggrieved by actions of the stewards are adequate and satisfy the requirements of due process. Since Patín failed to take advantage of the adequate post-deprivation remedies, he does not yet have an actionable procedural due process claim. In other words, Patín has not been denied due process yet.
Patín has also argued that the Louisiana Racing Commission does not have the statutory power to adjudicate the constitutionality of its own procedures. However, the constitutionality of the statutory procedures themselves are not at issue. Patín has |6not claimed that the procedures, when applied properly, are unconstitutional. He claims that the actions of the stewards were unconstitutional because they did not follow the law and this denied him due process. As stated in Augustine v. Doe, 740 F.2d 322, 326 (5 Cir.1984) (citing P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart and Wechshler’s The Federal Courts and the Federal System 236 (Supp.1981)), “An allegation that a state action has violated an individual’s right to procedural due process is thus a condemnation of the procedures that attended the action and not an assessment of the constitutionality of the action itself.”
For the above reasons we find that the trial court correctly granted the stewards’ exceptions of no cause of action. Costs of this appeal are assessed to Billy Patín.
AFFIRMED.