GONZALES, Judge.
This matter is on appeal from a decision of the Louisiana Department of Environmental Quality (hereinafter “DEQ”). In the proceedings below, appellant, the Louisiana Environmental Action Network (hereinafter “LEAN”), opposed the granting of a solid waste facility permit for a recycling transfer station to Industrial Pipe Inc., which was issued by DEQ on August 16, 1991. LEAN appeals the granting of this permit and asserts three assignments of error.
In accordance with In the Matter of Carline Tank Services, Inc., 626 So.2d 358 (La. App. 1st Cir.1993), we note ex proprio motu that appellant herein has no right to an appeal in the instant proceeding. An appeal is authorized under La.R.S. 30:2024 only from a final decision or order of the secretary of DEQ which is required by constitution or statute to be made after hearing and notice. See In the Matter of Carline Tank Services, Inc., 626 So.2d at 363. The instances in which DEQ is statutorily required to hold a hearing are set forth in the Louisiana Environmental Control Commission (“ECC”) rules of procedure which apply to the instant proceeding.[1] Rule 5.0 of the ECC rules of procedure provides:
5.0. APPLICABILITY. Adjudicatory or adjudicative hearings, as contemplated by the Louisiana Administrative Act, LRS *365 49:91 et seq., shall be held for all administrative enforcement proceedings under LRS 30:1073[2], upon all permit applications for commercial hazardous waste disposal facilities, when permits or licenses are sought to be revoked, and in those instances where the Commission or the Assistant Secretary determines that equity and justice requires an adjudication. Any person possessing a real interest that might be adversely affected by action of the Commission or Assistant Secretary may petition the Commission or Assistant Secretary, in writing, to hold an adjudicative hearing. The Commission or Assistant Secretary shall accept or deny the petition, in writing, giving reasons for the decision, prior to taking the action for which a complaint has been made. The holding of an adjudicative hearing shall not limit or prevent the holding of nonadjudicatory, fact-finding hearing on the same subject matter. [Emphasis added.]
Rule 5.0 mandates an adjudicative hearing only on application for a commercial hazardous waste disposal facility or when permits or licenses are sought to be revoked. A solid waste facility is distinguishable from a hazardous waste disposal facility as reflected in La.Admin.Code 33:YII.501, which defines “solid waste” as:
[A]ny garbage, refuse, sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility, and other discarded material, including solid, liquid, semi-solid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities; but does not include or mean solid or dissolved material in domestic sewage or solid or dissolved material in irrigation return flows or industrial discharges which are point sources subject to permits under La. R.S. 30:1094, or source, special nuclear, or by-product material as defined by the Atomic Energy Act of 1954 (42 U.S.C. 2011 et seq.), as amended, or hazardous waste subject to permits under La.R.S. 30:1131 et seq. [Emphasis added.]
Thus, an adjudicative hearing was not statutorily mandated in the proceeding below.[3] Although, we may not agree that appeals from DEQ actions should be limited to the circumstances enumerated in ECC Rule 5.0 and La.R.S. 30:2024, this statutory authority is strictly within the province of the legislature.[4]
The Carline opinion noted that in those instances where a person or entity is able to claim a constitutional right to a hearing, one seeking a hearing may be so entitled even though not otherwise statutorily authorized. See also Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980), wherein the supreme court recognizes one who may be deprived of life, liberty or property is entitled to due process of law under the Fourteenth Amendment of the U.S. Constitution and under Article 1, § 2 of our state Constitution.
Regardless of whether LEAN could have asserted a constitutional right to an adjudicative hearing, in the proceedings below, DEQ was not requested to hold an adjudicative hearing. Instead, LEAN submitted a letter on May 28, 1991, “to request a fact-finding hearing”. This fact-finding hearing was held on June 27, 1991. As evidenced by the language of ECC Rule 5.0 quoted hereinabove, a *366 fact-finding hearing is not an adjudicative hearing.
Since no adjudicative hearing was held in the proceeding before DEQ, no appeal is authorized to this court under La.R.S. 30:2024.
For the reasons assigned herein, the appeal of Louisiana Environmental Action Network is hereby dismissed; all costs of this appeal are to be borne by appellant.
APPEAL DISMISSED.

. See La.R.S. 30:2020. However, the DEQ is currently under mandate of the legislature to “codify its rules and regulations in effect on *365 March 1, 1992, in the Environmental Regulatory Code, and ... [to] update such codification of its rules and regulations on a quarterly basis....” La.R.S. 49:954.3 (added by La. Acts 1991, No. 735, § 2, eff. July 18, 1991).

. Former La.R.S. 30:1073 was redesignated 30:2025 following the reenactment of the environmental quality provisions by La. Acts 1979, No. 449, § 1, and redesignation by La. Acts 1987, House Concurrent Resolution No. 247.

. Additionally, La.Admin.Code 33:VII.1107 (Chapter 11 on Solid Waste) provides that “If the assistant secretary determines the objections warrant a public hearing, the hearing will be scheduled.” (Emphasis added.) Clearly, under this section, the grant of a public hearing on a solid waste permit is discretionary with the agency.

.We note the supreme court stated in Bowen v. Boyal, 253 So.2d 200 (La.1971), that "the right of judicial review of administrative proceedings is presumed to exist”; however, this language must be considered in light of the holding in Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980), as discussed in Carline, supra.