Dear Commissioner Travis:
You have requested this office to issue an advisory opinion on numerous issues regarding the Louisiana Administrative Procedure Act and the Office of Financial Institutions.
The request in particular asks whether the Administrative Procedure Act (APA) exempts certain information obtained by the Office of Financial Institutions (OFI) from use in its adjudications and proceedings. This involves a study of whether La.R.S. 49:991 et seq. and the APA allow the Division of Administrative Law (DAL) to conduct confidential proceedings concerning examination reports and licensing issues of the Louisiana Office of Financial Institutions and to keep confidential all filings, pleadings, and other documents filed into the record in accordance with such proceedings.
Your opinion request guides us to the Louisiana Banking Law (LBL), contained in Title 6 of the Revised Statutes. La.R.S. 6:103 (A) states that, "except as provided in Subsections B and H, all records of the office of financial institutions shall be kept strictly confidential within the office, and such records and reports shall not be subject to subpoena or other legal process except as provided for in Subsection H." This language is substantially similar to the language researched in a previous opinion request regarding the Department of Insurance pertaining to information collected during the preparation of examination reports. R.S. 22:1302 more specifically delineates that certain records are to be kept confidential and are not subject to subpoena ("all working papers, recorded information, documents, and copies thereof . . . in the course of an examination"). See La. Atty. Gen. Op. No. 99-93, enclosed herein. The opinion concludes that the Department of Insurance hearings pertaining to examination reports shall be kept confidential and shall not be subject to subpoena, similar to the Louisiana banking statute.
The Louisiana Administrative Procedure Act (APA) sets forth the requirements for state agencies, departments, boards, and commissions to follow regarding hearings and adjudications held by that agency. There is no dispute that the Office of Financial Institutions falls under the purview of the APA. Delta Bank Trust Co. v. Lassiter, 383 So.2d 330
(La. 1980). However, La.R.S. 49:956 (8)(a) of the APA states that "records and documents . . . which are deemed confidential and privileged shall not be made available for adjudication proceedings of that agency and shall not be subject to subpoena by any person or other state or federal agency." Section 956(8)(b) further states that "such records or documents shall only include . . . records and documents which are specifically exempt from disclosure by statute." This section, read along with the Louisiana Banking Law, does not allow for the use of information deemed confidential and privileged in APA adjudications.
Therefore, we are of the opinion that certain information which is deemed confidential by the Louisiana Banking Law is to be kept confidential and not subject to subpoena for use in APA adjudications.
This leads to the question of whether the Louisiana APA allows the Division of Administrative Law to conduct hearings involving issues and evidence deemed confidential by the Louisiana Banking Law. La.R.S. 6:121.1
specifically grants the commissioner of the OFI the discretion to:
 Conduct such investigations and hearings as he deems necessary to ascertain possible violations of this Title. . . . Such hearings shall be private unless the commissioner, in his sole discretion and after considering the views of the person afforded the hearing, determines that a public hearing is necessary to protect the public interest. If the commissioner determines that a public hearing is necessary to protect the public interest, the confidentiality provisions of this Title and the Administrative Procedure Act, R.S. 49:950, et seq., shall not apply.
R.S. 49:992 (G) allows for the above exemption from the review of the Division of Administrative Law, stating "any board or commission authorized by law to conduct hearings may continue to hold such hearings" outside of the scope of the APA or the DAL. This provision, when read together with aforementioned sections of law, gives the commissioner the power to hold such hearings privately so as to shield statutorily protected information. However, if necessary to protect the public interest, the commissioner may declare a hearing public, which would exempt from application the confidentiality provisions of the LBL and the APA.
As to the other questions in your opinion request, the procedures and conditions to be used in handling of these confidential records of the Office of Financial Institutions are outlined in La.R.S. 6:103. These guidelines are to be used because the APA does not control records of the OFI, due to the fact that they are specifically exempted by statute. Any person or employee who allows records deemed confidential by La.R.S. 6:103
would be violating its provisions.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please feel free to contact us.
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLES H. BRAUD, JR. ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 99-93
May 13, 1999
54 — Insurance LSA-R.S. 22:1302
LSA-R.S. 49:956
The administrative hearings provided under LSA-R.S. 22:1302 are to be held before the Commissioner of Insurance or his duly authorized employee and are not to be held before an Administrative Law Judge.
Mr. Barry W. Karns Deputy General Counsel Department of Insurance PO Box 94214 Baton Rouge, Louisiana 70804-9214